---

WOOD vs. CRAWFORD, executor.

1. The verdict was not contrary to law and evidence.
2. Where it was in dispute whether a deed under which a plaintiff in ejectment claimed covered the tract of land in controversy, or any part of it, it will not require the grant of a new trial that the court charged that " the plaintiff could claim only so much of the land as the largest description in the deed would embrace, whether it be all or only a part of the disputed premises, and if he had satisfied them that his deed covered the land or any part of it, then

he was entitled to recover, unless the defendant had shown a better title either in himself or outstanding in some one else than the plaintiff." Such a charge was, in effect, an instruction to the jury to find for the plaintiff all the land in dispute, if the largest description in his deed covered it; but if the description did not cover all, then to find such portion as it did cover.

3. It having been shown that a person under whom the defendant claimed and the then proprietor of the adjoining tract of land had an understanding as to the dividing lines in question, and that the co-terminous proprietors in several instances acted upon this understanding, and treated it as settling the question of boundary, and the party under whom plaintiff holds being in possession of a part of the land covered by his deed, and constructively in possession of the whole, a charge based on such facts was applicable to the case.

4. Although the person under whom defendant claimed and who had an understanding as to the dividing lines with a co-terminous holder of lands, was dead at the time of the trial, the co-terminous holder was a competent witness, it appearing that he had held the lands under a contract of purchase which he had relinquished by reason of a failure to comply with its terms; that when he testified, he had no interest whatever in the subject-matter of the suit and was not a party thereto, and that the decedent had no interest therein. He would have been competent at common law, and was not disqualified by the act of 1866.

5 The declarations of one in possession of land, setting up adverse possession, are admissible to show that fact.

October 20, 1886.

Deeds. Title. Charge of Court. Boundaries. Witness. Evidence. Before Judge HUTCHINS. Franklin Superior Court. March Term, 1885.

Wilkerson brought ejectment against Wood. The plaintiff having died pending the action, his legal representative was made a party in his stead. The jury found for the plaintiff. The defendant moved for a new trial, on numerous grounds, all of which are sufficiently set out in the decision, except the following:

(10.) Because the court charged as follows: "If the dividing line has fallen into dispute, and if the co-terminous proprietors (the owners of the two tracts) made and agreed on a line between them and acquiesced in it and regulated

their possession by it for twenty or more years, or other considerable time, it becomes binding and conclusive on the parties themselves, and on all others claiming under them, by purchase or otherwise."—The objection was that there was no evidence that possession was ever taken and held under an agreement as to where the line was.

(11.) Because the court erred in admitting the interrogatories of W. F. Isbell, who claimed to have once held the land, who testified as to a contract or agreement with David Garner, under whom defendant claims title, said Garner being dead, and in permitting the answers to said interrogatories to be read, over defendant's objection.

(12.) Because the court erred in admitting the testimony of B. P. Vandiver (over defendant's objections) as to Isbell's sayings as to where the line was, David Garner, who owned the land now claimed by defendant, not being present.

(13.) Because the court charged as follows : " To enable one to set up and claim under what is called prescriptive title, he must make it appear that he has been in the actual, continuous, peaceable and uninterrupted possession, and under claim of right, and under written title, for at least seven years, and it must further appear that he claims in good faith, and that his claim or title did not originate in fraud of the true owner."—The objection was that the question of prescription was not in this case, and that this charge was calculated to mislead the jury.

Upon the presentation of the motion and before it was argued, the court appended the following note :

" There was evidence of a claim by Burroughs, who sold to defendant, and that he intended to hold it against plaintiff; and the charge was given to guard the jury against concluding that such claim would ripen into a prescriptive title or give him the right to possession, if he was not the true owner. It was also given in connection with the law, that if the titles of both parties cover the disputed land, both might be in constructive possession of the land."

The motion was overruled, and the defendant excepted.

W. I. PIKE ; W. R. LITTLE, for plaintiff in error.

J. S. DORTCH, by S. P. THURMOND, for defendant.

HALL, Justice.

This declaration contains a single demise from Wilkerson to the plaintiff. The controversy relates to a strip of land containing about seven and a half acres, which, the plaintiff contends, is within the boundaries described in a deed from Samuel Knox to his lessor, dated the 23d of August, 1870; the deed called for 149½ acres of land, but it is insisted that there is more than that quantity embraced in the boundaries specified in the deed. It appears from the deeds in evidence that Sarah Pulliam, on the 11th day of May, 1829, conveyed fifty acres of land, lying on the east side of Clark's Creek, to Elizabeth Lee, and that Elizabeth Lee, on the 7th day of January, 1835, conveyed forty acres of this tract to William W. Beard; that afterwards, on the 5th day of September, 1836, John Banks conveyed 149½ acres of land adjoining this tract to said Beard; that the sheriff of Franklin county levied on and sold the land thus conveyed by Banks to Beard, and fifteen acres of another tract adjoining this, as the property of Beard, which was purchased at said sale by Freeman & Cooper, to whom it was conveyed by proper deed, and that Freeman & Cooper, on the 18th day of April, 1848, conveyed the land described in the sheriff's deed to Samuel Knox, from whom the plaintiff's lessor derives his title. It is now insisted that the strip in dispute is a part of the fifteen acres conveyed by the sheriff's deed to Freeman & Cooper, who derived title thereto from Sarah Pulliam and her grantee, Elizabeth Lee, as above set forth. The tenant in possession contends that the part in dispute is covered by his title, or if it is not, that it was not conveyed by Samuel Knox to the lessor of the plaintiff, and that the title to the same is still outstand-

ing in said Knox   Upon the issues thus formed there was considerable testimony adduced by the parties of a directly conflicting character.   Two juries have found verdicts in favor of the plaintiff.   The defendant, upon the last trial, moved for another hearing, upon several grounds, which was refused.

1. The first eight grounds of the motion amount to nothing more than that the verdict is contrary to law and evidence, and to certain charges of the court therein set forth, which the defendant insists were correct.   In cases of conflicting evidence, we cannot undertake to disturb a verdict which the judge trying the cause is satisfied to let stand.

2. The 9th ground of the motion complains that the judge, in effect, misled the jury by charging that "the plaintiff could claim only so much of the land as the largest description in his deed would embrace, whether it be all or only a part of the disputed premises, and if he had satisfied them that his deed covered the land, or any part of it, then he was entitled to recover, unless the defendant had shown a better title, either in himself or outstanding in some one else, than plaintiff." It is alleged that this charge had a tendency to mislead the jury, unless it had been so qualified as to instruct them that the plaintiff would be entitled to recover only such portion of the land as his deed covered.   It is only by a somewhat rigid construction that we could reach the conclusion that language like the following excluded the qualification which it is now urged was omitted : "The plaintiff can claim only so much of the land as the largest description in his deed embraces, whether it be all or only a part of the land in dispute."   That, in effect, if not in terms, was an instruction to them to find for the plaintiff all the land in dispute, if the largest description in his deed covered it, but if the description did not cover all, then they were to find only such portion as it did cover.

3. It is assigned as error, in the tenth ground of the motion, that the court charged upon a question where there

v 75-47

was no evidence disclosed on which the charge could rest. The record shows that the party under whom the defendant mediately holds, viz., David Garner, had with the then proprietor of the other tract of land, Isbell, an understanding as to the dividing lines in question. The charge, if applicable to the facts in proof, is admitted to be correct. It was shown that the co-terminous proprietors, in several instances, acted upon this understanding, and treated it as settling this question of boundary, and the party under whom plaintiff holds being in possession of a part of the land covered by his deed, was in constructive possession of the whole. Code, §2681, and citations.

4. There is nothing set forth in the eleventh ground of the motion that would entitle the defendant to a new trial. It is true that David Garner, the party with whom Isbell had the understanding about the boundary, was dead when Isbell testified, but at that time, Isbell held the land under a contract of purchase, which he had relinquished by a failure to comply on his part with the terms thereof. When he testified, he had no interest whatever in the subject-matter of the suit, and was in no sense whatever a party thereto. Neither had Garner any interest therein. Isbell would have been competent to testify at common law, and the evidence act of 1866, by its exceptions as to the death, insanity, etc., of the opposite party, does not render him incompetent. *Flournoy & Epping vs. Wooten*, 71 *Ga.*, 168.

5. We do not think there was error in admitting the evidence of Vandiver as to Isbell's declarations as to the line. Isbell was in possession of at the time, and his sayings setting up adverse possession were admissible to show that fact. Code, §3774, and citations; *Huggins vs. Huggins*, 71 *Ga.*, 66. This ground of the motion is without merit, and the remaining ground (the 13th) has no foundation in fact, as is shown by the judge's note appended thereto, and as will appear from the record.

Judgment affirmed.