## SHIVER v. HILL et al.

1. In submitting the issue between coterminous landowners as to the boundary line between them, where it was alleged that a parol agreement had been previously made, the court instructed the jury that such a parol agreement operates to establish a line where the boundary line between the coterminous proprietors is "unascertained, unsettled, and not agreed to between the parties, and is disputed." Error is assigned on the ground that the court used the conjunctive "and" instead of the disjunctive "or" before the word "disputed," and that this amounted to a ruling that a parol agreement, under such circumstances, was not binding unless the line was disputed, notwithstanding it may have been unascertained or unsettled and not agreed to between the parties. Held, that such instruction was not error requiring the grant of a new trial. GEORGE, J., dissents.
2. The ground of the motion for new trial based on newly discovered evidence is not such as to require a reversal of the judgment. Hensley v. McHan, 135 Ga. 834 (70 S. E. 654).
3. The evidence authorized the verdict.

No. 1002. DECEMBER 11, 1918.

Complaint for land. Before Judge Thomas. Brooks superior court. May 16, 1918.

H. I. and A. F. Hill sued Shiver in ejectment for a narrow strip of land running along the boundary line between two lots of land. One of Shiver's defenses was, that both of the lots had formerly been owned by one Walker, who was the common grantor of plaintiff and defendant; that Shiver purchased lot No. 271 prior to the purchase by plaintiff of lot 236; that at the time of the purchase by Shiver he and Walker entered into a parol agreement as to the true line, which was indefinite and not settled; and that a survey was made according to the agreement, and the parties went into possession of their respective lands up to the agreed line. The jury found for the plaintiffs, and the defendant filed a motion for new trial on statutory and special grounds. One ground is based upon newly discovered evidence, which consisted of a new survey made after the trial. Another complains of a charge to the jury, as follows: "The court further instructs you that there is another principle of law which is not to be confused with the principles just submitted to you; that is, where the boundary line between coterminous proprietors—adjoining landowners—is unascertained, unsettled, and not agreed to between the parties, and is disputed, and the parties get together and by agreement settle the dispute . . by establishing fences or marking trees, or the like, and then follow up such agreement by each possessing the land up to

the line, . . such an agreement operates to settle and establish the line and make it the boundary between the parties in such case; and the court instructs you that if you believe from the evidence that the parties to this cause, or their predecessors in title, or either of them, have in this manner with adjoining landowners settled upon and established the boundary between the property in controversy in the case, such acts would operate to control you in the determination of this issue."

*Bennet & Harrell,* for plaintiff in error.

*Branch & Snow,* contra.

GILBERT, J. It is insisted that the vice contained in the instruction of the court is in the employment of the conjunctive "and" instead of the disjunctive "or," so as to make the rule of agreed boundaries apply only when the line is not only unascertained and uncertain, but also disputed; whereas the rule should have been made applicable where the line is uncertain, or unascertained, or disputed. In many adjudicated cases, as well as in the text-books and encyclopedias the words "uncertain," "unascertained," and "disputed" are treated as practically synonymous. These words are often used apparently on the theory that the use of either one or all of them leads to the same result. In 9 C. J. 234, it is said that "according to some decisions there must not only be doubt and uncertainty in respect of the true division line, but there must also be an actual dispute or controversy between the parties. In other decisions in which this question has been directly presented and passed on, the contrary view is maintained." In a footnote to the text a number of cases are cited pro and con. In this State the precise question has not been ruled upon. The language of the decisions, however, conveys the idea that the words under consideration have been used as substantially synonymous. A line which is uncertain is unascertained; and while the coterminous owners may be content to accept the status quo and leave the line unestablished, such a course would be contrary to human nature. A boundary line, in point of fact, is in dispute where the respective owners are not in agreement as to its location. It is not necessary that they should be in actual controversy in or out of court. In the case of *Osteen* v. *Wynn,* 131 *Ga.* 209, 214 (62 S. E. 37, 127 Am. St. R. 212), it is said: "Where there is room for controversy as to the location of a dividing line, the coterminous proprietors . . may orally agree upon the line: and

if the agreement is accompanied by possession to the agreed line, or is otherwise duly executed, such agreement will be valid and binding, and the line thus defined will thereafter control their deeds." Indeed, it may well be said that a "disputed" land line, to be the basis of a parol agreement, must also be uncertain or unascertained. It would be absurd to declare a bare or baseless dispute a basis for such agreement. There can, of course, be a twilight zone where the degree of uncertainty would be infinitesimal. That, however, is not for consideration in this case. See *Miller* v. *McGlaun, 63 Ga.* 435.

The second and third headnotes require no elaboration.

*Judgment affirmed. All the Justices concur, except*

GEORGE, J., dissenting. F. B. Walker owned the east half of lot 271 and the west half of lot 236, in the 12th district of Brooks county. Walker and his father, under whom he held, owned the land for nearly forty years. The boundary line between the two adjoining tracts was uncertain, indefinite, and unascertained. Walker sold the east half of lot 271 to Shiver (the defendant in the court below). When he sold the east half of lot 271 to Shiver, he and Shiver procured the services of a surveyor and established the line between the two tracts. The line thus surveyed and marked was, by parol agreement, expressly accepted by both parties as the dividing line. The agreement was accompanied by possession to the agreed line, and was otherwise duly executed. There was never any dispute between Walker and Shiver. Apparently the agreed line as marked by the surveyor was in fact the original divisional line between the two lots of land, according to the belief and information of both Walker and Shiver. Subsequently Walker sold the west half of lot 236 to one Hall. Hall in turn sold to Webb, repurchased from Webb, and finally conveyed the tract to H. I. and A. F. Hill (plaintiffs in the court below). The trial judge, in instructing the jury, charged as follows: "Where the boundary line between coterminous proprietors—adjoining landowners—is unascertained, unsettled and not agreed to between the parties, and is disputed, and the parties get together and by agreement settle the dispute . . by establishing fences or marking trees, or the like, and then follow up such agreement by each possessing the land up to the line, . . such an agreement operates to settle and establish the line." The jury having returned a verdict for the plaintiffs, the defendant excepted to this charge upon the ground

stated in the majority opinion, and made it one of the grounds of his motion for new trial. The exception is well taken. Under section 3821 of the Civil Code, "Acquiescence for seven years, by acts or declarations of adjoining landowners, will establish a dividing line." Independently of the rule laid down in this section, a parol agreement between coterminous proprietors that a certain line is the true dividing line is valid and binding as between them, if the agreement is accompanied by possession to the agreed line or is otherwise duly executed, and if the boundary line between the two tracts is indefinite, unsettled, or disputed. *Farr* v. *Woolfolk,* 118 *Ga.* 277 (45 S. E. 230). In *Osteen* v. *Wynn,* 131 *Ga.* 209 (supra), is is held: "An unascertained or disputed boundary line between coterminous proprietors may be established, (1) by oral agreement, if the agreement be accompanied by actual possession to the agreed line, or is otherwise duly executed; or (2) by acquiescence for seven years by the acts or declarations of the owners of adjoining land, as provided in the Civil Code [1895], § 3247 [1910, § 3821]." According to the text in 9 Corpus Juris, 234, quoted in the majority opinion, some courts hold that "there must not only be doubt and uncertainty in respect of the true dividing line, but there must also be an actual dispute or controversy between the parties. In other decisions in which this question has been directly presented and passed on, the contrary view is maintained." An examination of the cases cited in support of the proposition first announced will show that in those cases the precise question was not directly presented and passed on, but it is conceded that some of the decisions are to the effect that the dividing line must not only be in doubt, but in actual dispute between the parties. . In 5 Cyc. 932, it is said: "In order to the validity of a parol agreement establishing a boundary it is necessary, however, that there be doubt and uncertainty as to its true location, and in some cases it has been held that there must be an actual dispute or controversy between the parties." Both Cyc. and Corpus Juris cite the same cases. Whatever may be the rule announced by some courts, influenced largely by the view that any parol agreement fixing boundary lines in disregard of those fixed by deeds is void under the statute of frauds, because such agreement amounts to a conveyance of land by parol, the decisions of this court recognize the validity of such parol agreement where executed, not only where the line is disputed, meaning

a bona fide dispute, but where it is indefinite and unascertained. Indeed, it is essential that the line be unknown, indefinite, and unascertained. These words in the decisions of this court are not used as precisely synonymous with the word "dispute." In the charge to which exception is taken the court in effect told the jury that no agreement between coterminous owners as to their boundary line is binding unless there has been a dispute as to the true line. If this be sound law, then it must follow in every case where a line is indefinite, uncertain, and unascertained, and the parties agree where the line is, and erect thereon a division fence, and take possession to the fence, still, when the true line is discovered, the agreement and acquiescence will count for nothing. The dispute is a "false quantity," as was said in Helm v. Wilson, 76 Cal. 476 (18 Pac. 604). It is the policy of the law of this State to give validity to a parol agreement between coterminous proprietors that a certain line is the true dividing line, if the agreement is accompanied by possession to the agreed line or is otherwise duly executed, and if the boundary line between the two tracts is indefinite, unascertained, or disputed. This policy looks to the prevention of litigation; and the charge of the court in this case placed upon the defendant a greater burden than is authorized by the rule of force in this State. The jury might have believed from the evidence that the dividing line was made and executed for the purpose of settling an indefinite, unknown, and unascertained line. Under the evidence they could not find that there was the slightest dispute between Walker and Shiver (the defendant in the court below) with respect to the dividing line. Neither knew precisely where the line was, and neither insisted upon any particular line. The jury must have understood that Walker and Shiver could not establish a dividing line by parol agreement unless the line was actually disputed, although they might find that the line was uncertain, indefinite, and unascertained, and that the parties really agreed upon a line for the purpose of making that certain which before was unknown and uncertain. An uncertain dividing line between coterminous proprietors is not necessarily a disputed line; certainly, a state of non-agreement with respect to a dividing line is not the precise legal equivalent to an actual dispute. For the reasons above stated, I dissent from the ruling announced in the first headnote.