## HART *et al.* v. CARTER *et al.*

GEORGE, J. This was an action for land. The case involved the location of a division line. The plaintiffs and the defendant were owners of adjoining land. In 1916 the line between the two tracts was indefinite and unascertained. The plaintiffs and the defendant's predecessor in title called in the surveyor to establish the line. Upon the trial the surveyor testified: "I did not undertake to ascertain the line, but run a straight line as it was agreed upon by the parties, and it was a straight line between the two tracts and was indicated by chops which were marked from one end of the line to the other. Mrs. Brown [defendant's predecessor in title] herself told me to run the line, and was present on the ground a portion of the time while the line was being run. After the line was run she agreed to it." Thomas Hart, one of the plaintiffs, testified: " The whole division line as established is in the woods between the two tracts and is plainly marked from one end to the other " by blazes made by the surveyor.

Mr. Brown, the husband of the defendant's predecessor in title, testified: "We did not know where the line was between the two tracts of land, and we just agreed to establish us a line. My wife consented and authorized and directed that the line be established where it was established. . . When my wife sold the land, . . I went with Dr. Conn [defendant's immediate predecessor in title] and pointed out to him the division line. He purchased to the agreed line." It appeared that neither party cultivated to the line thus established, and the blazes on the trees were the only physical evidences indicating the line, but all parties thereafter recognized the line as the true dividing line between the two tracts. At the conclusion of this evidence the court granted a nonsuit, and the plaintiffs excepted. *Held*:

1. Where the dividing line between coterminous owners is indefinite, unascertained, or disputed, the owners may by parol agreement duly executed establish the line, and the line thus established will control their deeds, notwithstanding the statute of frauds. *Farr* v. *Woolfolk*, 118 *Ga.* 277 (45 S. E. 230).

2. Where the line between coterminous proprietors is indefinite, unascertained, or disputed, a parol agreement fixing the dividing line may be executed by the erection of physical monuments upon the agreed line or by the marking of trees plainly indicating the line. Actual occupancy to the agreed line, by cultivation or the erection of fences on the line, is not indispensable to the due execution of the parol agreement. The court therefore erred in awarding a nonsuit. See *Osteen* v. *Wynn*, 131 *Ga.* 209, 215 (62 S. E. 37, 127 Am. St. R. 212); *Shiver* v. *Hill*, 148 *Ga.* 616 (97 S. E. 676).

           *Judgment reversed. All the Justices concur.*

           No. 1639. JUNE 18, 1920.

Equitable petition. Before Judge Kent. Laurens superior court. July 31, 1919.

*R. Earl Camp,* for plaintiffs. *J. S. Adams,* for defendant.