HATCH *v.* MILLER.

No. 10250.  October 11, 1934.

*Mozley & Latimer,* for plaintiff in error.

*William Walker Cowles,* contra.

GILBERT, J.  Mrs. Miller brought complaint for land against Hatch, seeking to recover lot 28 in block 4 of the Carey property in land lot 249 of the 17th district of Fulton County (described by metes and bounds).  The defendant owned lot 27, which is north of and adjoining the plaintiff's lot.  The petition alleged that on or about March 10, 1931, the defendant entered on lot 28 and has been in possession ever since.  The defendant denied the material allegations in the plaintiff's petition, and pleaded that he purchased lot 27 on March 13, 1912; that he had been in actual, exclusive, and adverse possession of said lot, and had it fenced in, for more than eight years; and that a prescriptive title to all property fenced in had ripened in him.  The jury rendered the following verdict: "We, the jury, find for the plaintiff."  The judgment entered on the verdict described lot 28 in block 4 by metes and bounds.  The defendant moved for a new trial on general and special grounds. He contended that the court erred in failing to direct a verdict for the defendant; that the court erred in the charge to the jury, and in failing to charge certain principles of law without request.  Also, that the verdict was uncertain and indefinite, and did not designate what part of land the sheriff could put plaintiff in possession of under the verdict.  The court overruled the motion, and defendant excepted.

■ The defendant in error moved to dismiss the writ of error, on the ground that the pauper affidavit for the purpose of avoiding payment of costs in this court "does not show that the plaintiff in

error is unable to pay the costs for said appeal, *or* to give security therefor." The motion is denied. *Flanagan* v. *Scott,* 102 *Ga.* 399, 401 (31 S. E. 23) ; *Williams* v. *George,* 104 *Ga.* 599 (30 S. E. 751).

■ A refusal to direct a verdict will in no case be reversed.

■ The movant for new trial complains of the following instruction to the jury: "If the plaintiff and the defendant, or those under whom they claim, established the line in question between the plaintiff and the defendant's two pieces of property, and it has been acquiesced in by the parties for seven years, then it would be the dividing line regardless of the recitals in the deed with regard to the number of feet."

"A line between two coterminous landowners may be established: (a) 'Where the boundary line between two estates is indefinite or unascertained, the owners may by parol agreement establish a division line, and the line thus established will afterwards control their deeds, notwithstanding the statute of frauds.' Or (b) 'Under the Code, acquiescence in a dividing line for a period of seven years or more will operate to establish the line, without regard to any previous parol agreement between the parties as to the line.'" *Brown* v. *Hester,* 169 *Ga.* 410 (2) (150 S. E. 556), and cit. See Civil Code (1910), § 3821; *Osleen* v. *Wynn,* 131 *Ga.* 209 (52 S. E. 37, 127 Am. St. R. 212) ; *Gornto* v. *Wilson,* 141 *Ga.* 597 (81 S. E. 860) ; *Bunger* v. *Grimm,* 142 *Ga.* 448 (83 S. E. 200, Ann. Cas. 1916C, 173). The charge of which complaint is made was erroneous, because the court applied the rule in (a), as shown above, which was only applicable in (b). The rule applied in (b) is not applicable in (a).

■ The movant complains that the general verdict "for the plaintiff" is too indefinite to be enforceable. The petition definitely described the property the plaintiff sought to recover. That description was not subsequently altered or modified, as far as the record shows. The verdict and the judgment thereon empower the sheriff to eject the defendant, and to put the plaintiff in possession of any part of the lot of land in controversy found to be in possession of the defendant; and the verdict, when construed in connection with the petition, is sufficient to identify the land recovered. This ground of the motion, therefore, is without merit.

■ The other grounds of the motion do not show error, and are not of such character as to require special mention.

*Judgment reversed. All the Justices concur.*