## ROBERTSON *v.* ABERNATHY.

No. 13765. SEPTEMBER 11, 1941.

696

*Price Edwards,* for plaintiff in error.

*Astor Merritt* and *W. W. Mundy Jr.,* contra.

JENKINS, Justice. 1. The plaintiff sued to recover a small tract of land as part of a "lot 602," on three theories: (1) that the alleged eastern boundary of the tract sued for was the original land line between lot 602 and lot 603; (2) that the eastern boundary of the tract sued for had been legally established by acquiescence through the acts and declarations of the adjoining landowners for seven years; and (3) that plaintiff had prescriptive title by twenty

years actual possession. The answer denied these averments; the defendant claiming that the tract sued for was part of lot 603, adjoining 602, and belonged to him under his purchase of the southern part of lot 603 up to the true line of lot 602.

2. On the first of these theories as set forth by the plaintiff, the general verdict in his favor, though not demanded, was authorized under the conflicting evidence, as to the location of the true original lot line.

3. As to the plaintiff's second contention, an unascertained or disputed boundary line between coterminous proprietors may be established by oral agreement, provided such agreement be accompanied by actual possession to the agreed line or is otherwise executed; or as is the basis of the plaintiff's second contention, such line may be established by acquiescence for seven years, by acts or declarations of the adjoining landowners. Code, § 85-1602. Such acquiescence, to be effective, must be "by the acts or declarations of both the adjoining landowners." *Bradley* v. *Shelton,* 189 *Ga.* 696 (4, *a*) (7 S. E. 2d, 261), and cit.; *Gornto* v. *Wilson,* 141 *Ga.* 597 (2), 599 (81 S. E. 860); *Williamson* v. *Prather,* 188 *Ga.* 545 (4 S. E. 2d, 140); *Hatch* v. *Miller,* 179 *Ga.* 629 (3), 630 (176 S. E. 631); *Brown* v. *Hester,* 169 *Ga.* 410 (2) (150 S. E. 556). The plaintiff's proof in support of his claim by acquiescence was testimony by one who formerly owned both the land opposite the disputed tract and the land to the north in lot 603. He testified that during his twelve years of ownership he and the plaintiff "recognized" and the witness "respected" the line as now contended by the plaintiff. But the witness further testified that before this suit he "never spoke" to the plaintiff about the line; and as to specific "acts or declarations" of acquiescence, his testimony showed only that he and the plaintiff cultivated the land on their respective sides of a ditch, which lay north of the disputed tract and formed no part of the line of that tract, according to any contention. The testimony of this witness was disputed and sought to be impeached by the defendant, by alleged previous contradictory or inconsistent statements by the witness. Accordingly, even if the verdict was authorized under the general terms of such testimony, it was not demanded, as contended by the plaintiff, on this the second theory of the case.

4. With respect to the third theory on which the plaintiff re-

lied for recovery, "in order to acquire a prescriptive title by virtue of possession alone for twenty years, such possession must be actual, and the prescription will not extend beyond the 'possessio pedis.'" *Kerlin* v. *Southern Bell Telephone Co.*, 191 *Ga.* 663 (2), 667 (13 S. E. 2d, 790), and cit.; Code, § 85-403. The mere occasional cutting of timber will not amount to actual possession of land. *McCook* v. *Crawford*, 114 *Ga.* 337 (2), 338 (40 S. E. 225); *Fitzpatrick* v. *Massee-Felton Lumber Co.*, 188 *Ga.* 80 (7), 86 (3 S. E. 2d, 91), and cit.; *Wood* v. *Ridings*, 185 *Ga.* 305, 306 (194 S. E. 533), and citations as to what constitutes actual possession.

(a) While in charging the jury it is not reversible error to merely state correctly the contentions as made by the allegations of the petition, even though some of the contentions may not be supported by the evidence (*Armour & Co.* v. *Roberts*, 63 *Ga. App.* 846, 12 S. E. 2d, 376, and cit.; *Georgia Power Co.* v. *Sheats*, 58 *Ga. App.* 730, 742, 199 S. E. 582, and cit.; *Gledhill* v. *Harvey*, 55 *Ga. App.* 322 (4), 327, 190 S. E. 61, and cit.), yet to instruct the jury on the law of a contention as to which there is no evidence, though the charge be correct in the abstract, is cause for a new trial, unless it is apparent that the jury could not have been misled. *Culberson* v. *Alabama Construction Co.*, 127 *Ga.* 599, 602 (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507); *Citizens & Southern National Bank* v. *Kontz*, 185 *Ga.* 131 (6), 148 (194 S. E. 536); *Gaskins* v. *Gaskins*, 145 *Ga.* 806 (89 S. E. 1080); *Poland* v. *Osborne Lumber Co.*, 34 *Ga. App.* 105 (2), 108 (128 S. E. 198), and cit. Having charged the jury that "one of the contentions of the plaintiff is that he has had twenty-year possession of this property up to this disputed line," the court then stated the law of prescriptive title by twenty years of actual possession, in the language of the Code, § 85-406. Under the preceding rulings, and the undisputed evidence that there had been no cultivation or enclosure of the disputed tract, that it remained woodland, and that there was no act of possession thereon except the occasional cutting of timber, this instruction was unauthorized and constituted reversible error.

5. The parties to this suit being adjacent owners, the petition did not and could not seek a recovery on the theory of constructive possession by virtue of seven years actual possession under color of title, since as between such adjacent owners no prescription by con-

structive possession arises in favor of either. *Bunger* v. *Grimm,* 142 *Ga.* 448 (6), 454 (83 S. E. 200, Ann Cas. 1916C, 173) ; *Car-starphen* v. *Holt,* 96 *Ga.* 703 (5) (23 S. E. 904); *Warsaw Turpentine Co.* v. *Fort Barrington Club,* 185 *Ga.* 540, 544 (195 S. E. 755) ; *Stewart* v. *Smith,* 135 *Ga.* 390 (69 S. E. 540) ; Code, § 85-404. The court charged the law of constructive possession and prescriptive title by seven years possession under color of title. There is an exception that the charge was "misleading and confusing to the jury and caused them to make a verdict by virtue of what they believed to be color of title in the plaintiff to lot 602," and exceptions to this charge on other grounds. Whether or not the irrelevant instructions on constructive possession would constitute additional harmful and reversible error, it is unnecessary to determine, since the judgment must be reversed on the ground stated in the preceding paragraph.

6. Nor is it necessary to determine whether a reversal would be required by what might be construed to be inaccurate language in an instruction that "if *any* predecessors in title of *either* the plaintiff or defendant acquiesced and recognized the line between the property of the parties to this case for seven years, by act or declarations, that will establish the title." The exception is that the use of the italicized words tended to mislead the jury into thinking that "the act or declaration of one person adjoining a line could establish a dividing line," and that such acts or declarations must be by both landowners, and not by one alone. *Bradley* v. *Shelton,* 189 *Ga.* 697, supra, and cit.

7. There is no merit in the remaining exceptions to a refusal of requests to charge, since those requests, so far as pertinent and correct, were covered by the general charge.

*Judgment reversed. All the Justices concur.*