BUFFINGTON *v.* CARTER *et al.*

No. 15238. SEPTEMBER 5, 1945. REHEARING DENIED OCTOBER 5, 1945.

*Wheeler, Robinson & Thurmond,* for plaintiff in error.

*Boyd Sloan* and *Joe K. Telford,* contra.

WYATT, Justice. ■ In the brief filed by the plaintiff in error, the only reference made to the general grounds of the motion for new trial is the following: "We submit that a verdict for the plaintiffs was not authorized, and the general grounds of the motion for a new trial should be sustained and the verdict and judgment vacated and set aside." We deem it sufficient to say that the verdict was authorized by the evidence.

■ The plaintiff in error contends that the general demurrer should have been sustained for the reason that the suit is one in ejectment for the recovery of land, and there is no sufficient description of the property sought to be recovered. *Hamlin* v. *Gormley,* 188 *Ga.* 585 (4 S. E. 2d, 471), *Jones* v. *Harris,* 151 *Ga.* 129

(106 S. E. 555), and other cases of like import, are cited. The rule laid down in these cases is: "In an action for the recovery of land, the premises should be so fully described as will enable the sheriff to execute the writ of possession." We recognize this rule. Whether the instant case be construed to be a suit for the recovery of land, or a suit to enjoin a continuing trespass and to establish the true dividing line between the properties of the parties, we think that the rule here relied upon is not violated. "A verdict in favor of the plaintiff generally (i. e., for the entire premises sued for) is legal though the defendant occupies and claims only a portion of the lands described in the declaration." Powell on Actions for Land, 557, § 423. In *Hatch* v. *Miller,* 179 *Ga.* 629, 630 (176 S. E. 631), this court said: "The petition definitely described the property the plaintiff sought to recover. . . The verdict and the judgment thereon empower the sheriff to eject the defendant, and to put the plaintiff in possession of any part of the lot of land in controversy found to be in the possession of the defendant." Reference to the foregoing statement of facts will disclose that the petition now under consideration fully and completely describes the 170 acres of land claimed to be owned by the plaintiffs. It is then alleged, "That said defendant, E. S. Buffington, has crossed the boundary of said adjoining tract of land on the southwest side of plaintiffs' property, and has come upon plaintiffs' land, and is undertaking to cultivate a portion of same, and is undertaking to assert dominion over about five acres of plaintiffs' land." Would the sheriff have any trouble executing a writ of possession? We think not, for the reason that he could simply put the plaintiff in possession of any part of the 170 acres of land found to be in the possession of the defendant. There is no merit in this assignment of error.

■ The argument is made that the authorities cited by the plaintiff in error on the question of overruling the demurrer are equally applicable on the motion for judgment non obstante veredicto, since the motion was based on the ground that the property in controversy was not sufficiently described. We do not pass upon the question of whether or not such a motion is authorized in Georgia, but on this question see *Crew* v. *Hutcheson,* 115 *Ga.* 511, 531 (42 S. E. 16), and *Snyder* v. *Elkan,* 187 *Ga.* 164, 178 (199 S. E. 891). Since, if such a motion is permissible under Georgia

practice, the question here raised is decided adversely to the plaintiff in error by the ruling made in division 2 of this opinion, there is no merit in this assignment of error.

■ The first special ground of the motion for new trial complains because the trial court in the charge to the jury submitted the issue of an oral agreement with reference to fixing a boundary line between the parties. We do not quote the portion of the charge excepted to, because it is not contended that the charge does not state a correct abstract principle of law, but it is insisted that the evidence did not authorize any charge on this subject. The burden of the argument by the plaintiff in error is that no agreement to establish a dividing line was proved; and that, if proved, it was not executed because the defendant did not surrender possession. The evidence was in conflict as to whether any dividing line was ever actually agreed upon. There was evidence from which the jury was authorized to find that the plaintiffs and the defendant were in disagreement as to the dividing line; that a surveyor was secured, who ran a dividing line while all the parties were present with their deeds; that the plaintiffs and the defendant helped in making the survey; that the line as thus surveyed was marked by "stakes" driven into the ground, and by "blazing trees;" that when it was discovered that the defendant had erected a house on the property of the plaintiffs, according to the line thus surveyed, the defendant negotiated with them for the purchase of the land on which the house was located; that the plaintiffs did not know that the defendant was not observing the line thus surveyed and marked until July just preceding the filing of a suit in September. One of the plaintiffs testified: "I mean to tell the jury that he [the defendant] agreed to that line," and "I asked him whenever we were checking the land, did he not agree with me on that line, and he says, 'No,' that was not right, 'you were just wrong about it'—that was the 7th of July. I said, 'you agreed with me once,' and he said, *We will see whether that agreement will stand.'* He told me that on July 7. He agreed with us, that is how come us to mark it and run it." Certainly, in view of this evidence, it can not be said that the evidence failed to raise the issue of the establishment, by parol, of a disputed property line between coterminous proprietors.

The next question is, was the verbal agreement executed? The

plaintiff in error says not, for the reason that the defendant did not surrender possession. We recognize the rule insisted upon: "A disputed boundary line between coterminous proprietors may be established by oral agreement, if the agreement be accompanied by actual possession to the agreed line, or is otherwise duly executed." While possession is designated as one method of execution, it is expressly provided, "or otherwise duly executed." In *Hart* v. *Carter,* 150 *Ga.* 289 (103 S. E. 457), this court held: "Where the line between coterminous proprietors is indefinite, unascertained, or disputed, a parol agreement fixing the dividing line may be executed by the erection of physical monuments upon the agreed line or by the marking of trees plainly indicating the line. Actual occupancy to the agreed line, by cultivation or the erection of fences on the line, is not indispensable to the due execution of the parol agreement." There is no merit in this ground of the motion.

■ The second special ground complains of the admission in evidence of the following instrument:

"Georgia, Hall County. This agreement, made and entered into by and between H. H. Dean, party of the first part, and Miss Maggie Buffington and J. P. Buffington, parties of the second part,—Witnesseth: For and in consideration of the sum of one dollar ($1.00) in hand paid by the said H. H. Dean, said parties to this agreement hereby agree and establish as the true and correct line between said H. H. Dean and Maggie Buffington tract of land, and hereby agree upon and establish the survey made by J. Frank Moorefield, county surveyor of Hall County, September and October, 1916, as the true and correct line between said Dean and said Miss Maggie Buffington, said line between said parties leaving the Oconee river at a tree marked on said plat as a 'Sycamore tree'; turning [sic] thence S 41½ W 2000 feet; thence S 60¼ W 200 feet; thence S 75½ W 258 feet; thence S 81½ W 139; thence S 86¼ W 129 feet; thence N 81 W 273 feet; thence S 82¼ W 108 feet; thence S 55½ W 660 feet; thence S 61½ W 970 feet; thence S 52¼ W 5400 feet to the public road leading from Gainesville to the Oconee river, near the residence of Collins; said line being the south and southeast boundary of said tract of H. H. Dean as surveyed by said J. Frank Moorefield, county surveyor of October, 1916; and being established boundary between said H. H.

Dean and Miss Maggie Buffington so far as the same may touch the property of the said Maggie Buffington, and the said Maggie Buffington and J. P. Buffington hereby surrender and quitclaim to the said H. H. Dean any and all right, title, or interest which they may have or claim in and to said E. C. Buffington tract as surveyed by said J. Frank Moorefield, as above stated. In witness whereof, the said Maggie Buffington and J. P. Buffington have hereunto set their hands and seals, this       day of April, 1917.

Maggie J. Buffington

Signed, sealed and delivered in the presence of:-

D. A. Bryan

J. O. Adams, N. P. Hall County, Ga."

It is stated in the amended motion that "the defendant objected to this document at the time it was offered because it did not describe the line that is really in controversy in this case, and it purported to be a contract between H. H. Dean and Miss Maggie Buffington; and that it was only signed by Maggie Buffington, and . . was not signed by either Dean or J. P. Buffington. The original contract was not in court, and it was agreed that the record might be used in lieu of the original. The record showed that the instrument was not signed by H. H. Dean or J. P. Buffington." It is now argued that the instrument should not have been admitted in evidence for the reason that no delivery of the instrument was shown. Since no such objection was made in the court below, we can not pass upon that question. The plaintiff in error contends that the instrument should have been excluded because it was not signed by H. H. Dean, predecessor in title of the plaintiffs in the court below. The rule, "Where a contract on its face provides or shows that the parties intended for both to sign before it takes effect, it is not complete until both do so," as laid down in *Clarke* v. *McNatt*, 132 *Ga.* 610 (64 S. E. 795, 26 L. R. A. (N.S.), 585), is relied upon. This quotation is the rule as stated in the headnote. In the discussion of the rule, thus laid down in that case, the court, at page 614, said: "The instrument in the present case contains some indication that the vendor should have signed it, as agreements by him are stated in it; but in the latter part it apparently contemplates only the signature of the vendees." We think that the language quoted presents a correct picture of the instrument now under consideration. True it is that the instru-

ment recites in the beginning that it is an agreement between H. H. Dean and the other named parties, and refers to an agreement between the parties concerning a dividing line. It appears, however, that H. H. Dean paid the consideration, and the Buffingtons "hereby surrender and quitclaim to the said H. H. Dean any and all rights, title, or interest which they may have or claim in and to said E. C. Buffington tract as surveyed by J. Frank Moorefield." This language indicates a quitclaim deed from the Buffingtons to Dean, which, of course, would not require the signature of Dean. The final language in the instrument reads: "In witness whereof, the said Maggie Buffington and J. P. Buffington have hereunto set their hands and seals, this     day of April, 1917." This clearly indicates that Dean was not to sign the instrument. There is no merit in this contention.

■ The third special ground complains because the trial court charged the jury on the effect of 'an agreement by predecessors in title as to the establishment of a disputed line between coterminous landowners. There is no complaint that the charge does not state a correct abstract principle of law; but it is contended that the charge should not have been given for the reason that the instrument referred to in division 5 of this opinion was improperly admitted in evidence, and therefore there was no evidence to authorize the charge. This contention is controlled by the immediately preceding ruling.

In his brief the plaintiff in error several times contends that the plaintiffs in the court below "undertook to recover on a line which was an impossible line, as will be seen by the drawing hereto attached," and contends that the verdict of the jury attempts to set up an impossible line. We see no merit in this contention.

From what has been said above, it follows that there was no error in any of the judgments complained of.

*Judgment affirmed. All the Justices concur, except Candler, J., disqualified.*