## WRIGHT *v.* ANTHONY.

No. 16464. FEBRUARY 15, 1949. REHEARING DENIED MARCH 16, 1949.

*W. A. Slaton,* for plaintiff. *Clement E. Sutton,* for defendant.

CANDLER, Justice. Charles B. Wright brought a common-law action of ejectment against Mrs. Lucy H. Anthony to recover 28 acres of land in Wilkes County. Attached to and made a part of his petition is a plat prepared by J. N. Hawes, Surveyor for Wilkes County, showing that the land sued for is that acreage between a line which the plaintiff claims is the western boundary line of his tract and a line which the defendant claims is the eastern boundary line of her tract. The defendant filed the common-law plea of not guilty. A verdict for the defendant was returned by the jury, and upon that finding a judgment was entered accordingly. A motion for new trial, based on the usual

general grounds, was filed and afterwards amended by adding a ground complaining of the charge. The exception here is to a judgment overruling the amended motion for new trial.

The parties are adjoining landowners claiming under different sources of title. The plaintiff claims a tract of about 177 acres, which is a part of a larger tract formerly owned by Oliver Hoff. The defendant's tract contains approximately 1500 acres, and is a part of a boundary once owned by L. M. Hill. Except as to the acreage in dispute, neither questions the other's title to his or her respective land. The plaintiff claims that the acreage in dispute, being once a part of the Hoff tract, has now by a series of conveyances become vested in him. The defendant insists that it was a part of the Hill tract, and that she now had title for it. In other words, the record presents for decision a boundary-line controversy.

The brief for the plaintiff in error states that only two questions are actually presented for decision in this case, namely, was the evidence sufficient to authorize a verdict for the defendant, and did the court err in charging that part of Code § 85-404 complained of? We will deal with these questions in the order of their statement.

■ After carefully examining the record we think that a verdict for the defendant was not only authorized by the evidence but demanded. As previously pointed out, these parties are adjacent landowners, and it has for a long time been an established rule in this State that an unascertained or disputed boundary line between coterminous proprietors may be established by oral agreement, if the agreement is accompanied by actual possession to the line, or is otherwise duly executed. *Shiver* v. *Hill*, 148 *Ga.* 616 (97 S. E. 676); *Hart* v. *Carter*, 150 *Ga.* 289 (103 S. E. 457); *Barfield* v. *Birrick*, 151 *Ga.* 618 (108 S. E. 43); *Henderson* v. *Walker*, 157 *Ga.* 856 (122 S. E. 613). Such an agreement may be fully executed by the erection of physical monuments upon the agreed line. *Tietjen* v. *Dobson*, 170 *Ga.* 123 (4) (152 S. E. 222). And when such an agreement is made and executed, it is immediately binding upon the makers and subsequent purchasers. *Tietjen* v. *Dobson*, supra. It appears without dispute from the record that in 1904 R. H. Johnson and Duncan C. Hill, predecessors in title respectively of the plaintiff and the de-

fendant, orally agreed upon a boundary line between these two tracts of land at the location now contended for by the defendant, and that this agreement was fully executed by the erection of physical monuments and by a survey and plat then made for them by E. T. Harris, surveyor, which was afterwards in 1905 recorded in Wilkes County. But the plaintiff in error, while conceding in his brief that such an agreement was made, now takes the position that a line then orally agreed upon is not now binding on him, for the reason that he has been in actual adverse possession of his tract, including the land in controversy, for more than seven years under written evidence of his claim. In other words, the plaintiff claims that, irrespective of any agreement made by his predecessor in title respecting the line in dispute, he has acquired prescriptive title for the land in controversy under § 85-407 of the Code, which provides that adverse possession of lands, under written evidence of title, for seven years, gives good title by prescription, and by § 85-404, which declares that any actual possession on a tract of land by one having paper title thereto will be extended by construction to the extent of the boundary. The plaintiff contends that the land here involved is a part of a tract which he purchased in 1934, and which he has been in possession of since 1935. But the record, with reference to any written evidence of the plaintiff's claim, shows only this: A deed, dated October 12, 1939, recorded October 14, 1939, conveying to the plaintiff a tract containing about 177 acres, including the land in question; and the oral testimony of the plaintiff that he purchased his tract in 1934 and received a bond for title for it from H. U. Wallace. However, no such bond for title was introduced in evidence, and we have no way of knowing what land it actually covered or whether it described any land with sufficient certainty to be the basis of a prescriptive title. Upon this theory of the plaintiff's case, the law required him to have written evidence of his claim, and it is essential to the true administration of justice that it be introduced in evidence when relied upon; and since this is true, no other proof than the writing itself can be substituted as long as the writing exists and it is within the power of the party to produce it. *Fitzgerald* v. *Adams*, 9 *Ga.* 471. Until the plaintiff

accounted for his inability to produce his bond for title, which he did not undertake to do, his oral testimony was insufficient to show that any possession he held of the land in question from 1935 to 1939 was under written claim of title. And all that is shown respecting his possession is this: On direct examination the plaintiff, as a witness in his own behalf, testified that from 1935 to 1941, inclusive, he annually cultivated some of the land he claims and sold timber from it, but on cross-examination the witness testified that he resided some four miles away from the land in question; that there was no house on it; that he had never had a tenant residing on the property; that he rented the land in 1942; that he did not see the property until "some" years after his purchase; that he did not begin cultivating any portion of the disputed acreage until three or four years before 1942; and that no part of it was cultivated between 1942 and 1945. Testing the sufficiency of this evidence to show continuous adverse possession of the land in question for a period of seven years by the well-established rule that the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal, and that he is not entitled to a finding in his favor if that version of his testimony most unfavorable to him shows that a verdict should be against him (*Davis* v. *Akridge,* 199 *Ga.* 867, 36 S. E. 2d, 102)—we hold, as a matter of law, that the plaintiff's evidence on the question of possession was not sufficient to show that he had acquired prescriptive title to the land in controversy, and this being true, he was not entitled to a verdict upon this theory of his case; and since no other reason is shown by the record why the oral agreement made by the plaintiff's predecessor in title is not now binding upon him, it would necessarily follow that a verdict for the defendant was demanded.

■ Since we have held in the preceding division that a verdict for the defendant was demanded by the evidence, it is unnecessary to consider the criticism made of the charge. *Lunsford* v. *Armour,* 194 *Ga.* 53 (20 S. E. 2d, 594); *Richardson* v. *Hairried,* 202 *Ga.* 610 (44 S. E. 2d, 237).

*Judgment affirmed. All the Justices concur.*