### 33746. PAYNE *v.* GREEN.

Decided October 4, 1951.

692

*Victor Davidson,* for plaintiff.

*Lester F. Watson, Alex S. Boone Jr.,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first ground of the amended motion for a new trial contends that the trial judge erred in that he failed to charge the jury that there was any burden of proof on the protestant to prove that the line as claimed by her was the true line. The judge charged that the burden of proof was on the applicant, Mr. Payne; that the introduction in evidence of the return of the processioners and plat of the surveyor is sufficient to establish a prima facie case; that, when such case is established, the burden of proof then shifts to the protestant to show by a preponderance of the evidence that the return of the processioners is incorrect. He further charged that the jury must determine whether the line run and marked by the processioners is the true dividing line, or whether the line claimed by the protestant is the true dividing line, and instructed them to find for the applicant or the protestant accordingly.

As stated in *McCollum* v. *Thomason,* 32 *Ga. App.* 160 (122 S. E. 800), there are at least three proper verdicts in a processioning case. The jury may find that the line as marked by the processioner is the true line; they may find merely that the line so marked is not the true line, or they may go further and find that the line so marked is not the true line but that the line as contended by the protestant is the true line. In the instant case, all the evidence supported the contention of either the applicant or the protestant, and the court did not submit to the jury the third possible conclusion—that is, finding against the line as marked by the processioners, but not finding in favor of any other boundary line. Nor is there any assignment of error on the court's failure to do so. As these were the only issues submitted to the jury, and as all the evidence tended to support the contentions of one or the other of the parties, the charge given could not have confused or misled the jury. This assignment of error is without merit.

■ The second special ground complains of the following

charge: "The issue to be tried by the jury in a processioning case, that is, in this case, is whether the line found and marked by the processioners or the line claimed by the protestant is the true dividing line between the properties of the adjoining owners in this case. The issue is one of boundary and not of title." This is claimed to be error because the contentions of the parties as to the basis of their respective claims was not charged in detail. Where the issue is correctly stated, a failure to state affirmatively the contentions of the parties is not a ground for a new trial. *Varn* v. *Bloodworth*, 157 *Ga.* 300 (1) (121 S. E. 380) ; *Wisenbaker* v. *Arnett*, 23 *Ga. App.* 51 (1) (97 S. E. 452) ; *Bray* v. *C. I. T. Corporation*, 51 *Ga. App.* 196 (179 S. E. 925). The ultimate contentions of the parties and the rules of law governing the issue were correctly stated. No request for more explicit instructions was made. This ground is without merit.

■ In considering the general grounds, it is to be noted that the line fixed by the processioners is the original line called for by the deeds of both parties, since the land of the applicant is described as being entirely within the 22nd land district, and that of the protestant within the 23rd land district. Color of title will not extend beyond the description contained in the grant. *Bradley* v. *Shelton*, 189 *Ga.* 696 (4) (7 S. E. 2d, 261). However, actual adverse possession for a period of 20 years, evidenced by inclosure, cultivation, or any use and occupation so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another, will give title by prescription. Code, §§ 85-403, 85-406. The jury here was authorized to find that the fence on the line contended for by the protestant, in its various forms of hedgerow, old rail fence, and wire fence, had been in its present location for a period of almost 50 years; that a part of the land so enclosed was in cultivation to the fence, and had been in cultivation more than 20 years by predecessors in title to the applicant, who had mended the fence, cut timber, and performed other acts of ownership. This is sufficient to establish title by adverse possession. The applicant, however, contends that in 1934 the line was in fact unascertained, indefinite, and in dispute, and that at that time he and the then owner of the adjoining lands agreed upon a dividing line. Examination of the record shows

that any agreement reached at that time could have affected only the 53-acre tract of land then owned by the applicant, the northwest line of which divided his lands from those of both Caulley and Pierce. It could not affect the boundary line on the 93-acre tract (which comprises practically all of the land in dispute), because at that time Payne was not the owner of this tract and did not buy it until some five years later. As stated in *Farr* v. *Woolfolk*, 118 *Ga.* 277 (2) (45 S. E. 230): "Independently of the rule laid down in the Code section, a parol agreement between coterminous proprietors, that a certain line is the true dividing line, is valid and binding as between them, if the agreement is accompanied by possession of the agreed line or is otherwise duly executed, and if the boundary line between the two tracts is indefinite, unascertained or disputed." Agreement or acquiescence between a landowner and one not the owner of adjoining lands, however, is not conclusive, the parties not being coterminous owners. See *Shahan* v. *Watkins*, 194 *Ga.* 164, 168 (21 S. E. 2d, 58). It is a declaration by a person in possession in disparagement of his title, under Code § 38-308, and its probative value is for the jury. *Threlkeld* v. *Anthony*, 36 *Ga. App.* 227 (136 S. E. 285).

As to the northwestern boundary line of the 53-acre tract, at the northern corner of which Milton Caulley, according to the testimony of the applicant, drove a lightwood stake and agreed that the district line was the boundary—it appears from the plat that the district line and fence cross in the form of an elongated X, and that the agreement to accept the line rather than the fence would have given the applicant a small triangle of land and given Caulley a similar triangle of land. If this agreement were in fact duly executed, the line fixed by the jury would be inaccurate as to this portion of the boundary. There is no cultivation in this area. The county surveyor testified as follows: "I ran the line which the processioners told me to run on the original bearing, I ran where the original line was run. We didn't find any marks or anything else that showed a line established through there. On the line of the old hedgerow and fence, referring to plat, there was an oak tree chopped on two sides and sixteen inch chops all up and down the line at the points indicated. But on the line we set up and established

and the processioners agreed to there is no human being could go there with eyes and see a sign of any line through there. The original line would have taken a little part of that field across from the pond. . . I did not find a chopped tree on the old line set up by the processioners. I did not find a sign of where a fence had ever been on it. There was not any sign of where a line had been established through there. The only thing I found was that stob and I ran by that stob."

In *Clark* v. *Hulsey*, 54 *Ga.* 608 (5), the first case dealing with the establishment of a disputed line by agreement, it appears that the plaintiff in reliance upon the agreement built and maintained a fence as execution thereof. In *Cleveland* v. *Treadwell*, 68 *Ga.* 835, a dividing line was agreed on and marked. In *Wood* v. *Crawford*, 75 *Ga.* 733, (3), the agreement was accompanied by actual possession. In *Hart* v. *Carter*, 150 *Ga.* 289 (103 S. E. 457), cited by the applicant, it is held that "Actual occupancy to the agreed line by cultivation or the erection of fences on the line is not indispensable to the due execution of the parol agreement." In that case it appears that the line was marked by chops in trees from one end to the other. See also *Shiver* v. *Hill*, 148 *Ga.* 616 (1) (97 S. E. 676); *Barfield* v. *Birrick*, 151 *Ga.* 618 (2) (108 S. E. 43); *Tietjen* v. *Dobson*, 170 *Ga.* 123 (4) (152 S. E. 222); *Hatch* v. *Miller*, 179 *Ga.* 629 (176 S. E. 631); *Bradley* v. *Shelton*, 189 *Ga.* 696 (7 S. E. 2d, 261); *Buffington* v. *Carter*, 199 *Ga.* 811 (4) (35 S. E. 2d, 440); *Robertson* v. *Abernathy*, 192 *Ga.* 694 (16 S. E. 2d, 584); *Wright* v. *Anthony*, 205 *Ga.* 47 (52 S. E. 2d, 316); *Gornto* v. *Wilson*, 141 *Ga.* 597 (2) (81 S. E. 860); *Osteen* v. *Wynn*, 131 *Ga.* 597 (2) (62 S. E. 37). In all these cases it appears that the agreement, to be "duly executed," must at the very least mark out or blaze a boundary so that it can be physically identified by the parties. An agreement not so executed does not so fix and establish a boundary line. See *Cagle* v. *Brady*, 69 *Ga. App.* 162 (2) (24 S. E. 2d, 865). Here, the putting down of a single stake and agreeing that the district line should be the line leaves the boundary line, while easily ascertainable, still not physically ascertained; and the most that could be said for the single marker put down at that time was that it was an agreement as to a corner. The jury was authorized to find from the evidence as a whole that the

protestant owned lands to the fence by reason of prescriptive title founded on adverse possession for over 20 years.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J. concur.*