34150. MYERS *v.* JACKSON *et al.*

DECIDED NOVEMBER 8, 1952.

162

*Stevens & Stevens,* for plaintiff in error.

*Clement E. Sutton,* contra.

WORRILL, J.   Under the view we take of this case, it is necessary to consider the general grounds only.   Unless the evidence showed that the defendant entered upon the fields in question

and continued to cultivate them after acknowledging the owner-ship as being in the plaintiffs, and also at least impliedly agreeing to pay rent for the use of the fields, there was no relationship of landlord and tenant sufficient to enable the plaintiff to maintain a distress warrant proceeding to enforce the payment of a sum of money as rent. The evidence wholly fails to show any agreement in any method provided by law between the plaintiffs and the defendant to the line as run, or that the defendant ever at any time acknowledged that the fields in question were the plaintiffs' fields and not his, or ever expressly or impliedly agreed to pay rent to the plaintiffs.

It is true that the plaintiff Rollin A. Jackson and certain witnesses for the plaintiffs testified that the defendant "agreed to the line." However, testimony to that effect must be considered in is context. The evidence showed that the defendant was present when the plaintiffs' party started to run the line separating the two tracts; that he first objected to the starting point selected and the course being run; and that after some discussion the plaintiffs' party accepted a starting point selected by the defendant and ran the line from there; that, while the defendant was in and out, so to speak, while the line was being run he never agreed to the line as finally run, but continued to cultivate the fields in question, claiming them as his own, and in the words of the plaintiff R. A. Jackson himself, holding them adversely to the plaintiffs against their claim of right.

The evidence clearly shows that the plaintiff and all of his witnesses, in testifying that the defendant agreed to the line meant merely that the defendant agreed to the starting point for the line, and they, in so testifying, were merely laboring under the mistaken idea that such agreement in and to the starting point constituted a legal agreement as to the line. Such is not the law. Where land lines are in dispute or unascertained or the parties are uncertain as to their location, adjoining land-owners may establish such disputed or unascertained boundaries by one of two methods: (1) by oral agreement, *if the agreement is executed by actual possession to the agreed line or by some other method such as marking or laying out the line on the face of the earth and erecting monuments thereon. Clark* v. *Hulsey, 54 Ga. 608 (5); Wood* v. *Crawford, 75 Ga. 733 (3); Farr* v.

*Woolfolk,* 118 *Ga.* 277, 280 (45 S. E. 230); *Osteen* v. *Wynn,* 131 *Ga.* 209 (3) (62 S. E. 37); *Gornto* v. *Wilson,* 141 *Ga.* 597 (2) (81 S. E. 860); *Hart* v. *Carter,* 150 *Ga.* 289 (1, 2) (103 S. E. 457); *Barfield* v. *Birrick,* 151 *Ga.* 618 (2) (108 S. E. 43); *Bennett* v. *Perry,* 207 *Ga.* 331 (2) (61 S. E. 2d, 501); *Payne* v. *Green,* 84 *Ga. App.* 689, 697 (67 S. E. 2d, 195); or (2) by acquiescence for seven years by the acts or declarations of the owners of adjoining lands, as provided by the Code, § 85-1602. While actual possession by cultivation or the erection of fences on the line is not indispensable to the due execution of such a parol agreement (*Hart* v. *Carter,* supra, *Payne* v. *Green,* supra), nevertheless, it is clear that, where the evidence shows that one of the parties did not so occupy to the line allegedly agreed on, but permitted the other party to continue to occupy over the line claimed, and where such evidence fails to show that the agreement on the line was executed by the erection of monuments or other physical evidence of the actual location of the line by concert of the parties to the dispute, there was no evidence of a legal agreement executed within the rule announced in the cases cited above. There certainly was no acquiescence in such line under the provisions of the Code section, and no claim to that effect was made.

Since the establishment of the location of the line between the parties was a necessary prerequisite to the plaintiffs' right to recover rent from the defendant, because ownership or a proprietary right in the land in dispute was not shown to be in the plaintiff without a showing of where the land line was, the evidence failed to sustain the verdict for the plaintiff in any amount, and the trial court erred in overruling the motion for a new trial on the general grounds.

In view of what has been said above, it is not likely that the errors alleged in the special grounds of the motion for a new trial, if they are error, will recur on another trial, and for that reason the special grounds are not considered.

*Judgment reversed. Sutton, C.J., and Felton, J., concur.*