May 2, 1893.

## STRONG et al. v. POWELL.

1. When land is bounded in a deed by the land of an adjacent owner, there can be no prescription under the deed, as against such owner, further than the actual possession of the grantee in the deed extends.  Occasionally cutting and appropriating timber is not such possession of land as will ripen into title by prescription.

2. Where one of two adverse claimants of title to land took a conveyance without general warranty from the other, paying a consideration therefor, and thus settled certain pending litigation between them, in subsequent litigation between those holding under the parties to the compromise deed respectively, no estoppel results from the introduction of that deed in evidence together with the competing title of the grantee therein.  Thus, where A and B, both claiming the same land, A having previously owned an adjoining tract, parcel of the same original tract, and conveyed it to C, engaged in litigation wherein they asserted their respective titles, and this litigation was settled between them by A making a conveyance without full warranty to B in consideration of $150, and afterwards B conveyed to D, and still later D and one holding under C litigated touching a small parcel of land which the latter claimed to be a part of the adjoining tract conveyed by A to C, the other party, D, contending that it was a part of the tract to which B had title at the time A executed the compromise deed, the acceptance of that deed by B, and its introduction in evidence by D, will not estop D from relying on B's original title and denying that A had

title to the small parcel now in controversy when the compromise deed was executed or at any other time.

3. Although the conveyance under which a person claims title to a small parcel of land describes the tract conveyed as containing one hundred acres more or less, a deed made by him to a purchaser, which is admitted not to cover the premises in dispute, is not admissible in evidence against the maker solely because it also purports to convey one hundred acres more or less. This latter deed is no admission by the maker that he conveyed by it all the land which he acquired by the former, the descriptive terms in the two instruments being in some repects materially different, though similar in their reference to acreage or quantity.

4. The declarations of the vendor to the vendee, or to her agent making the purchase, to the effect that a deed held by the former covered a particular parcel of land on which the parties then were, are not admissible in evidence in favor of the vendee and against an adverse claimant, in a subsequent controversy touching boundary.

5. The record in this case furnishes an example of failure to set out evidence objected to, and of failure to specify the erroneous parts of long extracts from the charge of the court. Consequently some of the matters embraced in the motion for a new trial cannot be dealt with.                                    *Judgment reversed.*

June 5, 1893.

Complaint for land. Before Judge RICHARD H. CLARK. DeKalb superior court. August term, 1892.

This case was formerly before the Supreme Court, and a report of it will be found in 87 *Ga.* 138, under the name of *Adams et al.* v. *Powell.* On the second trial the plaintiff filed an amendment as follows : " The northern boundary of the land sued for is an old hedge-row where an old fence once stood, which has long since rotted down ; and the eastern boundary is a line parallel with the west line of said land lot No. 200, and is an extension northward of the east line of the tract of land formerly owned by Starling Goodwin and now owned by plaintiff; said east line being 1,409 feet east of the west line of said land lot. Said hedgerow to which petitioner claims is about one hundred feet south of the line described in petitioner's original declaration. The number of acres claimed is eighteen, more or less."

The plaintiff again obtained a verdict for the premises in dispute, and defendant's motion for a new trial was overruled. It is therein alleged that the court erred in the following charges :

"If you believe from the evidence that the plaintiff and the defendant both trace title back to Mrs. Dorsey— Mrs. Mary E. Dorsey, then she is the common grantor of both, and the plaintiff has shown his right to recover so far as that is concerned, upon that ground. Upon that, gentlemen of the jury, I will charge you hereafter, you taking cognizance of what I charge you now, and applying it to what I will charge you hereafter in regard to this matter. In short, you must believe from the evidence that they both claim under Mrs. Mary E. Dorsey, to give the plaintiff a right to recover at all.

" Therefore, gentlemen of the jury, if you should believe from the evidence that Dr. Powell, the plaintiff here, holds under a title, a paper title, and that he has been in possession of a portion of this land continuously and adversely and under claim of right for as much as seven years, and that this piece of woodland that is in dispute is within the boundaries of Dr. Powell's deed, he would have a right to recover upon that prescriptive right; that is, though, gentlemen of the jury, providing that there was not another person who, under some legal claim, was disputing the possession or title to this strip of land and exercising acts of ownership under it; because, as to that title by possession, it must be continuous and uninterrupted. If, during the time, there is another contending for it and exercising acts of ownership over it, it may or may not interfere with his right to recover upon his prescriptive title. About that you will decide from the law that I have given you in charge.

" In respect, gentlemen of the jury, to the boundaries of this land, I charge you, as applying the law of prescription to it, that although Dr. Powell's deed may

claim 93 acres and that there is not 93 acres in his claim, counting this strip of woodland in, yet if you believe from the evidence, taking the deed and the evidence applicable thereto, that as far as he claims is a portion of the 93 acres, then he would be entitled to the benefit of it.

" The defendant, gentlemen of the jury, contends that this land belonged to Solomon Goodwin, Sr., way back of the rights of Mrs. Dorsey or any one this side of the Goodwins; and that Solomon Goodwin, Sr., deeded this land jointly to two of his sons, Solomon, Jr., and Starling; that Solomon had the north half, and that Starling had the south half (or what was substantially that) of that land lot; and that after having been given to them that way, in consideration of the fact that that south half was worth so much more than the north half, that they agreed upon a boundary line which gave to the north half, say 120 acres, and to the south half 73 acres. Now, gentlemen of the jury, you must gather from the evidence what you believe upon this point. Do you believe that there was an agreed boundary between these parties? Before you can pursue that matter any further, or make it any more applicable to the case, you must. believe that the two Goodwins established this agreed line between them. If you do not believe that, of course it is no element in the case and you need go no further in the investigation of that branch of it. But if you do believe, gentlemen of the jury, that that was the case, that that is true, that that was the line and that the subsequent owners of the land recognized that as the line, why then any one purchasing under that state of the case, while that was in existence, would be bound by that. That line, though, gentlemen of the jury, must be afterwards recognized by the subsequent owners and the subsequent owners under which these parties claim; and if you should believe that it was so recognized by the subsequent owners, it would still exist as a fact.

"I charge you in reference to that, that notwithstanding you may believe that this was the agreed line between the two Goodwins and that it was recognized by subsequent owners, yet if you believe from the evidence that in the course of time Mrs. Mary E. Dorsey came to own the whole of this land, and that after coming to own the whole of it she ceased to recognize that boundary line, by giving to one person a deed to 93 acres, under whom Dr. Powell claims, and deeding to another 100 acres, under whom the defendant claims, that prior boundary line would go for nothing in this case.

"Now, in reference to the parties holding under a common grantor, it is conceded here that Mrs. Dorsey owned or had a deed to both of these lands, but that the defendant says they do not hold under Mrs. Dorsey but they bought it at sheriff's sale as the land of Solomon Goodwin. Well, if you should believe that John M. Dorsey, the husband of this woman and under whom she claimed, bought this land from Solomon Goodwin, and that it was afterwards sold at sheriff's sale, and that James O. Powell bought it as the property of Solomon Goodwin, but that Mrs. Dorsey filed a bill to set aside that sale, and a decree was rendered in that case, the decree that is before you, and that in consequence of that decree this defendant took Mrs. Dorsey's deed, they would be estopped, in my judgment, gentlemen of the jury, to deny that they held under Mrs. Dorsey."

Other grounds of the motion are:

That the court admitted in evidence a deed from the defendant to Mrs. Maud Edwards, defendant objecting on the ground that the same was irrelevant and covered no part of the premises in dispute. As appears from the brief of evidence, this deed was dated March 15, 1889, and conveyed a parcel of land in the 18th district of DeKalb county, "commencing at a stake on the west line of land lot two hundred, and running north along

the line nine hundred and forty-two (942) feet, more or less, to the northwest corner of said lot; thence east along the north line of said lot to the northeast corner of said lot; thence south along the line of said lot twenty-one hundred and forty-nine (2149) feet, more or less, to a point dividing said lot from that owned by Dr. T. S. Powell; thence west dividing these premises from Dr. T. S. Powell fifteen hundred feet, more or less; thence north twelve hundred and twenty-seven (1227) feet, more or less, to a stake; thence west fourteen hundred and sixty-nine (1469) feet to the beginning point; all being part of land lot number two hundred, containing one hundred acres, more or less, except the right of way of the Air-Line railroad."

That the court allowed the plaintiff to testify as to what was said and done by John Hager at the time he sold the land conveyed in the deed to Julia L. Powell, declaring that part of the land in dispute was of the land covered by his said deed, and pointing out where the boundary of the land was and how it was marked. The objection was, that this evidence was not binding on the defendant who did not claim under John Hager, and that there was nothing in the deed referring to the boundaries and landmarks pointed out by Hager.

CANDLER & THOMSON, for plaintiff in error.
HALL & HAMMOND, contra.