## SWEENEY *v.* SWEENEY, administratrix.

FISH, P. J.　1. When it is material to an issue on trial, a witness may testify who was in the actual possession of designated realty at a given time.

2. Even if the insanity of the original defendant in the case were relevant to any issue involved, the rejection of the evidence of her insanity was not erroneous, it not appearing at what time such evidence purported to show that she was insane.

3. There was no error in the instruction given to the jury on the subject of the impeachment of witnesses by proving contradictory statements, the·rule given being in strict conformity to the law.

4. If an attempt be made to discredit a witness on the ground that his testimony is given under the influence of some motive prompting him to make a false or colored statement, he may be allowed to show in reply that he made similar declarations at a time when the motive imputed to him did not exist.　*McCord* v. *State,* 83 *Ga.* 521, and authorities there cited; *Harris v.* Smith, 13 Hun, 446.

(a) Accordingly, where the plaintiff, upon cross-examination of a witness for the defendant, brought out the fact that the witness was directly interested in the result of the suit, it was not erroneous to permit the defendant to exhibit in evidence, over the objection of the plaintiff that it was irrelevant and self-serving, an affidavit of the witness used upon a former hearing of a branch of the same case, in which the plaintiff sought the appointment of a receiver and the grant of an injunction, the statements made in the affidavit appearing to be the same as testified to by the witness on the trial, and it further appearing that at the time the affidavit was made the witness had no interest in the result of the case, and that the court properly instructed the jury as to the only purpose for which they could consider the affidavit.

(b) After the court had ruled that the affidavit was admissible, it was not erroneous to refuse to permit the plaintiff to withdraw the evidence he had elicited on cross-examination as to the interest of the witness in the result of the case, plaintiff stating that his purpose in requesting such withdrawal was to exclude the affidavit from the evidence. See *Anderson* v. *Brown*, 72 *Ga.* 713 (8); *Tift* v. *Jones*, 77 *Ga.* 181 (3).

5. An assignment of error not referred to in the brief of counsel for plaintiff in error will be considered as abandoned.

6. The evidence authorized the verdict, and the court did not err in refusing a new trial.          *Judgment affirmed. All the Justices concur.*

Submitted October 24, — Decided November 12, 1904.

Ejectment.    Before Judge Felton.    Bibb superior court.    August 2, 1904.

For former decision in this case see 119 *Ga.* 76.

*John R. Cooper* and *Marion W. Harris*, for plaintiff.
*James L. Anderson* and *Walter J. Grace*, for defendant.