## COPELAND *v.* JORDAN.

LUMPKIN, J. 1. While the evidence in this case was somewhat vague, that introduced by the plaintiff was sufficient to withstand a motion for a nonsuit, and it was error to sustain such motion.

2. In an ejectment case, whether a witness can testify generally, subject to cross-examination, that at a certain time a named person was in possession of a tract of land, or whether such testimony involves the statement of a conclusion and is therefore objectionable, is a question as to which the authorities outside of this State are in conflict. See Wright *v.* State, 136 Ala. 139, 140 (34 So. 233); Driver *v.* King, 145 Ala. 585, 595, 596 (40 So. 315). Contra: Arents *v.* Long Island R. Co., 156 N. Y. 1 (50 N. E. 422); Tetrault *v.* O'Connor, 8 N. D. 15 (76 N. W. 225, 226).

(a) In *Sweeney* v. *Sweeney*, 121 *Ga.* 293 (48 S. E. 984), it is ruled that "where it is material to an issue on trial, a witness may testify who was in actual possession of designated realty at a given time."

(b) Semble, that this did not deal with constructive possession, but only with actual possession evidenced by visible facts; and that the admission of such evidence would be subject to cross-examination and motion to exclude the evidence, if it thus appeared to be improper.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 12, 1916. REHEARING DENIED FEBRUARY 29, 1916.

Complaint for land. Before Judge Mathews. Bibb superior court. November 12, 1914.

*N. F. Culpepper* and *Jordan & Lane*, for plaintiff.

*Feagin & Hancock* and *Napier, Maynard & Plunkett*, for defendant.