STEINHEIMER *et al. v.* BRIDGES *et al.*

ATKINSON, J. In an action of ejectment the plaintiffs sued as heirs at law of Abraham Steinheimer. At the time of the decedent's death he held as transferee a bond for title from the Equitable Mortgage Company to J. M. Bridges, covering the land in dispute, issued in connection with a security deed executed by Bridges to the Mortgage Company. The decedent also held a quitclaim deed from the Equitable Mortgage Company, covering the land described in the bond for title. The defendants were the heirs of Bridges. There was evidence from which the jury might have found: (a) that the transfer of the bond for title to Steinheimer was fraudulent, to avoid payment of debts; (b) that it was in good faith, under an arrangement with Steinheimer to pay all debts and convey to the wife of Bridges such of the property as might be left after the debts had been paid off; (c) that the transfer was an unconditional sale to Steinheimer. The land was a cultivated farm on which the Bridges family had resided for a number of years, and there was no dispute as to the fact of its possession; but the evidence was conflicting as to whether Bridges surrendered possession to Steinheimer in pursuance of the transfer. *Held:*

1 Where a question is propounded to a witness on direct examination, to which objection is interposed, and the court refuses to allow the question to be answered, an assignment of error based upon such refusal should show that at the time of the ruling complained of the court was informed what answer was expected to be elicited from the witness.

2. Under the facts of this case, it did not amount to an expression of opinion for a witness to testify that a named person was in actual possession of the land in dispute. *Sweeney* v. *Sweeney*, 121 *Ga.* 293 (48 S. E. 984) ; *Copeland* v. *Jordan*, 144 *Ga.* 636 (87 S. E. 1034).

3. If upon appropriate request it would have been proper to charge certain principles of law, it was not a proper mode of making the request to read such principles from an opinion in the reports of the Supreme Court, and then hand the book to the judge with the request for him to charge such principles. *Houser* v. *State*, 58 *Ga.* 79 (2) ; *Ward* v. *National Bank*, 145 *Ga.* 551 (89 S. E. 578).

4. There was evidence which would have authorized the jury to find that the ancestors of the plaintiffs and the defendants had entered into an arrangement to defeat the creditors of the ancestor of the latter, and that the title under which the plaintiffs claimed was acquired in pursuance of such arrangement; but the evidence did not demand such finding. There being evidence which would have authorized the finding that the transaction between the parties was in good faith and for the purpose of enabling the ancestor of the plaintiffs to pay off all of the debts of the ancestor of the defendants and to reconvey any property that might remain after paying the debts, and that the ancestor of the defendants did not surrender possession in pursuance of the transfer of title to the ancestor of the plaintiffs, the charge to the effect that if the jury should find that the ancestor of the defendants had made an absolute deed to the ancestor of the plaintiffs, and in pursuance thereof had surrendered possession of the land, the defendants could not attack the validity of such conveyance, was not erroneous, as against the plaintiffs, on the ground that it should have gone further and charged that whether or not there was a surrender of possession the defendants could not resist the title of the plaintiffs because the conveyances above mentioned were made in pursuance of a transaction to defraud creditors.

5. The sole basis of title relied on by plaintiffs was through conveyances by the ancestor of the defendants, and it was not erroneous to give the following in charge: "Before the plaintiffs would be entitled to recover, they must show that Abraham Steinheimer had a deed to the land described in the petition, and that he had a good and valid title to the land."

6. When considered in connection with other evidence, it was not error to admit a certain deed to other land, and a bill of sale to certain personalty, from the defendants' ancestor to the plaintiffs' ancestor, on the ground that they were irrelevant.

7. Other grounds of the motion for new trial, not specifically dealt with, complain of certain excerpts from the charge of the court, on the ground that they were not authorized by the evidence; and others complain that the verdict was contrary to certain excerpts from the charge. There was no merit in any of these grounds. The evidence was sufficient to authorize the verdict for the defendants, and the discretion of the trial judge in overruling the motion for new trial will not be disturbed. *Judgment affirmed. All the Justices concur.*
NOVEMBER 18, 1916.

Ejectment. Before Judge Searcy. Fayette superior court. September 4, 1915.

*Lester C. Dickson* and *Dorsey, Shelton & Dorsey,* for plaintiffs.
*J. W. Wise* and *E. J. Reagan,* for defendants.