21050. PAULK *et al. v.* PERRY.

STEPHENS, J. 1. The following description of land contained in a deed is not sufficient to identify the land, where from parol testimony the lines can not be determined with such definiteness as to render the description certain and sufficient to definitely identify the land: "also part of lot No. 56 in the 5th land district of Irwin county, Georgia, and being all that part of said lot lying in the northwest corner and north of Mill Branch, containing 20 acres, more or less." *Huntress* v. *Portwood,* 116 *Ga.* 351 (42 S. E. 513). This description is not sufficient although it be shown by parol that the western boundary of the land described is a definite line running from the northwest corner of land lot 56 south to its intersection with Mill Branch, and that the south boundary is a definite line running from that intersection to the point where Mill Branch empties into Willacoochee Creek. This establishes only two boundaries with any degree of definiteness.

2. In order to establish title to land by prescription, or to establish an equitable title thereto by reason of payment of the purchase-money, it is necessary to show that the person claiming title to the land is in possession thereof. Civil Code (1910), § 4634; *Citizens Mercantile Co.* v. *Easom,* 158 *Ga.* 604, 610 (123 S. E. 883, 37 A. L. R. 378), and cit.

3. Whether the testimony of a witness generally that a person is in possession of certain lands, without any testimony as to facts or circumstances illustrating the manner of the possession, is sufficient evidence of possession, yet notwithstanding such testimony, there is in addition thereto, evidence of facts and circumstances tending to show the manner of this possession, but, where it appears therefrom that possession does not go to the entire tract, the evidence is insufficient to show possession of the entire tract. Where the only evidence of the possession of a tract of land which contains a large amount of timber is testimony of witnesses generally that the plaintiff is in possession of the land, but as illustrating this possession the evidence is that, while the plaintiff claims title to the entire tract, and had bought the entire tract and

had paid therefor, he had cultivated only a small portion of it, and had gone over onto other parts of the land and cut timber and had hauled wood therefrom, that there had never been any adverse claimants to the land for over twenty years, the evidence is insufficient to show possession by the plaintiff of the entire tract, and particularly the portion thereon containing the timber. See, in this connection, *McCook* v. *Crawford,* 114 *Ga.* 337 (40 S. E. 225); *Sweeney* v. *Sweeney,* 121 *Ga.* 293 (48 S. E. 984); *Copeland* v. *Jordan,* 144 *Ga.* 636 (87 S. E. 1034); *Steinheimer* v. *Bridges,* 146 *Ga.* 214 (2) (91 S. E. 19).

4. This being a suit to recover of the defendant the value of certain timber which it is alleged was cut and carried away by the defendant from the plaintiff's land, and, from the above rulings, it not appearing from the evidence adduced and that rejected that the plaintiff had any title to the land from which the timber was cut, or any title to the timber, the court properly awarded a nonsuit.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 1, 1931.

*Rogers & Rogers, Jay & Garden,* for plaintiffs.
*D. E. Griffin, McDonald & McDonald,* for defendant.