## HOLLOWAY *et al. v.* WOODS.

No. 14382. NOVEMBER 30, 1942.

*R. L. LeSueur,* for plaintiffs. *H. O. Jones,* for defendants.

DUCKWORTH, Justice. ■ "When land is bounded in a deed by the land of an adjacent owner, there can be no prescription under the deed, as against such owner, further than the actual possession of the grantee in the deed extends." *Strong* v. *Powell,* 92 *Ga.* 591 (20 S. E. 6). To the same effect, see *Quarterman* v. *Perry,* 190 *Ga.* 275 (3) (9 S. E. 2d, 61) ; *Anderson* v. *Black,* 191 *Ga.* 627 (2) (13 S. E. 2d, 650) ; *Robertson* v. *Abernathy,* 192 *Ga.* 694 (16 S. E. 2d, 584). It is declared in the Code, § 85-404: "Adjacent owners may be in constructive possession of the same land, being included in the boundaries of each tract. In such cases, no prescription can arise in favor of either." Under these authorities, in view of the dividing line as described in the petitioners' deeds, neither the provisions of the Code, § 85-405, relating to possession under a recorded deed, nor of § 85-407, relating to prescriptive title by adverse possession under color for seven

years, were applicable; and the court did not err in failing to give these sections in charge to the jury.

■ The allegations of possession and the testimony as to possession are precisely the same. Both recite in general terms the possession of petitioners and their predecessors in title for more than twenty years. Neither states that this possession was exclusive, and neither shows the degree of notoriety of the alleged possession. It is observed that the Code, § 85-406, provides that the possession that will ripen in twenty years into prescriptive title must be "actual" and must be "adverse." See also *Tillman* v. *Bomar*, 134 *Ga.* 660 (5) (68 S. E. 504); *Baker* v. *White*, 136 *Ga.* 541 (71 S. E. 871); *Rock Run Iron Co.* v. *Heath*, 155 *Ga.* 95 (2) (116 S. E. 590). These two terms are clearly defined by law. Actual possession is evidenced by inclosure, cultivation, or any "use and occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to prevent actual occupation by another." Code, § 85-403. There was no evidence here of inclosure or cultivation, or of any use or occupation. The petition alleged and the witnesses testified that the possession was notorious; but under the statute as above quoted, to stop with saying that it is notorious is insufficient. It must be so notorious as to attract the attention of every adverse claimant. For the court and jury to intelligently determine this degree of notoriety, it is imperative that they be given evidence upon which to base a decision. Based solely upon the evidence in this case, which stops with the general statement that the possession was notorious, it would not be possible for the court to make a finding that the plaintiffs' possession met the requirements of the statute in this respect. Nor did the allegations or proof show that it was exclusive as above required. The term "adverse" as used in the statute is defined in the Code, § 85-402. It is there required that the possession be in the right of the possessor; that it shall not originate in fraud; and that it be public, continuous, exclusive, uninterrupted, and peaceable, and accompanied by a claim of right. The evidence in the present case is silent on that quality of the alleged possession defined by the statute as "exclusive." We do not overlook the statement made by this court in *Sweeney* v. *Sweeney*, 121 *Ga.* 293 (48 S. E. 984), that, "When it is material to an issue on trial, a witness may testify who was in the actual

possession of designated realty at a given time." That case as reported does not show what the evidence was. We have examined the original record of file in this court, and find that there was evidence that the alleged possessor looked after the property, repaired fences, and built houses and fences and other improvements thereon. The ruling by this court based upon that record means only that, where the evidences of possession are given, a witness may be permitted, based upon such evidence, to state who was in possession. In referring to that ruling, this court in *Copeland* v. *Jordan,* 144 *Ga.* 636 (2) (87 S. E. 1034), said that it "did not deal with constructive possession, but only with actual possession evidenced by visible facts; and that the admission of such evidence would be subject to cross-examination and motion to exclude the evidence, if it thus appeared to be improper." If such testimony can be shown to be improper by cross-examination and thus subject to be excluded, it would be because the cross-examination disclosed that it was a mere conclusion of the witness, unsupported by facts. If subject to be excluded upon this ground, then it is insufficient, standing alone, to support a finding of prescriptive title by actual adverse possession. In *Steinheimer* v. *Bridges,* 146 *Ga.* 214 (2) (91 S. E. 19), it was said: "Under the facts of this case, it did not amount to an expression of opinion for a witness to testify that a named person was in actual possession of the land in dispute." Cited as support for the ruling were *Sweeney* v. *Sweeney* and *Copeland* v. *Jordan,* supra. In that case the land in question was a cultivated farm on which the alleged possessor and his family resided for a number of years. There was no dispute as to the fact of this possession, but the evidence was conflicting as to whether possession was surrendered in pursuance of a transfer. The ruling there made means only that because of the facts in the case the witness was authorized to testify as to who was in possession. It is not authority for the proposition that a witness may state who is in possession of land in a case where there are no facts evidencing possession, and where there is a dispute as to the fact of its possession. For the reasons above stated, we think neither of these decisions rules that testimony of a witness that one was in possession of land during the prescriptive period would support and authorize a finding of title by prescription. In *Paxson* v. *Bailey,* 17 *Ga.* 600 (2), it was said: "Adverse possession

is usually a mixed question of law and fact—whether the facts exist which constitute adverse possession, is for the jury to judge. Whether, assuming the facts proven to be true, they constitute adverse possession, is for the court to decide." This rule is stated in substantially the above language in 2 C. J. S. 855, § 228. Under this rule, how could the court decide whether the proved facts amount to adverse possession as defined by the statute, unless something more than a mere conclusion of a witness is shown? The witnesses in the present case testified that the possession of the plaintiffs was notorious. How notorious? Under the statute the court must decide this question, and to sustain a prescriptive title for the plaintiff the court must find that it is so notorious as to attract the attention of every adverse claimant. The bare opinion or conclusion of a witness that the possession was notorious would never authorize a court to find that it was notorious in the degree and to the extent required by law. The plaintiffs' evidence was not sufficient to authorize a finding of prescriptive title by twenty-years adverse possession. The court did not err, as contended in amended ground 2, in failing to charge on prescriptive title as provided in the Code, § 85-406.

■ The statement by the judge, excepted to in ground 5 was harmful error. The very essence of the plaintiffs' case as alleged in the petition was that the defendant, and not the plaintiffs, was seeking to avoid the true dividing line. It alleged that the defendant had trespassed upon the plaintiffs' land by going thereon and beginning to construct a fence at a distance of eighty-nine feet and two inches north of the true line. It is obvious therefore that the plaintiffs' case was seriously prejudiced when the judge told the jury that the plaintiffs contended that the line was eighty-nine feet and two inches above the true line. Doubtless this statement was inadvertent, and not intended to prejudice the plaintiffs' case; but this court can not be sure that the jury so understood. As it appears in this record, which is certified as true by the trial judge, the statement stood before the jury unexplained. This statement was harmful error.

■ The matters complained of in grounds 4 and 6 will not likely occur on another trial, and the evidence may not be the same on another trial. Hence no ruling is made on these grounds, and on the general grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur.*