## TAPLEY v. CLAXTON et al.

JENKINS, Justice. 1. "A plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title." Code, § 33-101. The only instrument in evidence that purported to transfer title to the disputed land to either the plaintiff or his deceased father, under whom he claimed, was a quitclaim deed, executed in 1939 by the heirs of the father to the plaintiff, which showed no title as against the defendants' prior deeds, and alleged possession at the time of the suit.

2. As to the plaintiff's alleged prescriptive title by twenty-years actual adverse possession, his own testimony and that of the other witnesses showed that all of the disputed sixty-two acres, except about six acres of cultivatable land with a grist-mill which all the testimony showed had been used or occupied by the defendants' predecessor in title at least from 1923 to 1926, was covered by a mill-pond; and that this pond ran dry when a dam broke, either in 1928 according to plaintiff's own testimony, or between 1923 and 1926 according to other witnesses, since which time "there has been no pond." While there was a general inadequate statement by plaintiff that his father, as predecessor in title, had "owned and was in possession" of the disputed premises, "which had gone dry," for thirty years as "timber land," there was no evidence or contention, adequate in legal effect or otherwise, that the father had occupied such land or exercised any dominion over it or any portion of it while covered with water as a mill-pond to the year 1928. Accordingly, since the evidence of and for the plaintiff failed to show any such acts of dominion over the land for twenty years before the filing of the suit, the court did not err in directing the verdict for the defendants, or in refusing a new trial. The plaintiff's case having failed for the reasons stated, it is unnecessary further to consider other questions presented, as to his alleged failure to show a prescriptive title by possession. See *Holloway* v. *Woods*, 195 *Ga.* 55 (23 S. E. 2d, 254).

*Judgment affirmed. All the Justices concur.*

No. 14368. DECEMBER 1, 1942.

*Rowland & Rowland,* for plaintiff.
*C. S. Claxton,* for defendants.