## MOORE *v.* STEPHENS.

No. 15214. JULY 3, 1945.

*E. C. Brannon,* for plaintiff. *Sloan & Telford,* for defendant.

WYATT, Justice. ■ The verdict was amply supported by the evidence. The general grounds of the motion for new trial are without merit.

■ Complaint is made that the court erred in failing to charge on title by prescription, it being the movant's contention that this issue was presented by the pleadings and the evidence. Irrespective of whether the petition alleged title by prescription, the evidence did not raise this issue, either upon the theory of seven years'

adverse possession under written evidence of title (Code, § 85-407), or actual adverse possession for twenty years (Code, § 85-406).

This case involves a disputed landline between coterminous landowners. The plaintiff proved title to lot 116, the defendant to lot 115. The dispute is as to the divisional line between the lands. The plaintiff contended that the divisional line was a line known as the Dunlap line, which was the original lot line; and that, if not the original lot line, it had been established as the boundary line by seven years' acquiescence. It was the defendant's contention that the divisional line was the original lot line, lying north of the Dunlap line. Both parties offered in evidence surveys and plats, and the evidence was conflicting as to the true boundary line.

The land in dispute is some fifteen acres of woodland, unenclosed and uncultivated; except a small portion of cultivable land, which the evidence showed had been rented one year by the defendant from the plaintiff's predecessors in title, but which the undisputed evidence showed the defendant thereafter for several years cultivated without the payment of rent, claiming the land as his property.

The brief of evidence comprises some eighty pages. Of that evidence, the movant points out only the following excerpt from the testimony of a witness for the plaintiff, and contends that this testimony required a charge on title by prescription: "There was never no trouble about the line that I ever heard of. I stayed there until I was twenty-two years old with my father. I helped my father put up this rock and he owned property on both sides, and that rock is still in its original place. I owned one of the lots for a while; it was about 1900. No one ever contended there was anything wrong with the line, and I never did hear anything on this disputed area until this lawsuit arose. The line claimed by Mr. Moore is the original line. The Dunlap lines come to this corner where we established down there. That is the corner my father put up, and is the line contended for by Mr. Moore." It might be pointed out that this witness, in connection with the testimony quoted, further testified unequivocally that he had not been upon the lands in dispute from the year 1900 until after the institution of this suit; but, in the view we take of the matter, it is unnecessary to consider this further testimony.

The evidence quoted is wholly insufficient to raise the issue of

title by prescription under any theory. The evidence relates solely to the establishing of a boundary line, and the subsequent absence of any dispute as to the line. The evidence does not touch upon the question of possession; and even if it could be construed to do so, it clearly does not relate to the character of the possession. "Possession to be the foundation of a prescription must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right." Code, § 85-402. The question of constructive possession is not here involved between these coterminous landowners. *Robertson* v. *Abernathy,* 192 *Ga.* 694, 698 (16 S. E. 2d, 584). Having been in possession under his deed for considerably less than seven years, the plaintiff necessarily must rely upon a tacking of possession to raise the issue of title by prescription; and, whether title by prescription be claimed under the Code, § 85-406, relating to twenty years' actual adverse possession, or under § 85-407, relating to adverse possession for seven years under written evidence of title, the possession relied upon must meet the requirements of § 85-402, relating to the essentials of possession. The evidence fails to show either the quality or extent of possession by the plaintiff's predecessors in title. Consequently, the evidence being insufficient to raise the issue of title by prescription, the trial court did not err in failing to charge on this principle of law. Compare *Martin* v. *Clark,* 190 *Ga.* 270 (4) 273 (9 S. E. 2d, 54), and *Holloway* v. *Woods,* 195 *Ga.* 55 (2), 58 (23 S. E. 2d, 254), in both of which cases the evidence relied on to show title by prescription would appear to be even stronger than the evidence here considered.

*Judgment affirmed. Bell, C. J., Jenkins, P. J., Duckworth and Atkinson, JJ., concur.*