34995. STROTHER *et al. v.* MYERS.

DECIDED MARCH 17, 1954—REHEARING DENIED MARCH 31, 1954.

*Clement E. Sutton, Colley & Orr,* for plaintiffs in error.
*Stevens & Stevens,* contra.

FELTON, C. J. In a settlement of the J. W. Jackson estate, E. H. Jackson and T. J. Jackson acquired title as tenants in common to a tract of land in Wilkes County, in the shape of an irregular triangle, containing 275 acres, more or less. It is assumed that E. H. Jackson and T. J. Jackson divided the 275 acres, more or less, by the exchange of deeds, each conveying to

the other his one-half undivided interest in the 137½ acres, more or less, which were conveyed. These deeds were not introduced in evidence, and it is only by inference that the conclusion is arrived at. Upon the death of T. J. Jackson, Mrs. Lucille Ellison and Rollin Jackson acquired the land owned by T. J. Jackson. E. H. Jackson, on June 11, 1948, deeded his 137½ acres, more or less, to Miss Maude Bolton. This deed described the land as being bounded on the east by lands of Mrs. Lucille Ellison and Rollin Jackson. The plaintiff, Otis Myers, acquired this land from Miss Maude Bolton. Mrs. Lucille Ellison and Rollin Jackson sold the timber on 160 acres, more or less, to the defendants. The deed described the land as being bounded on the east by lands of Otis Myers and H. Casey Hill. Since the deeds exchanged between E. H. Jackson and T. J. Jackson are not in evidence, no boundary line can be determined and ascertained from the description of such a line in the deeds. If the line was not described in such deeds, if the deeds were sufficient to pass title (see *Oglesby* v. *Volunteer State Life Ins. Co.*, 195 *Ga.* 65, 23 S. E. 2d 404), there were only two other ways in which the dividing line could have been established: (1) by oral agreement between the adjoining owners, or (2) acquiescence for seven years by acts and declarations. *Myers* v. *Jackson*, 87 *Ga. App.* 161 (73 S. E. 2d 220). The evidence in this case wholly fails to establish by any method the land line between the land owned by the plaintiff and that owned by Mrs. Lucille Ellison and Rollin Jackson, and the court erred in overruling the motion for a new trial on the general grounds.

*Judgment reversed. Quillian and Nichols, JJ., concur.*