35785. GRACE *v.* GRACE.

DECIDED OCTOBER 6, 1955.

694

*A. M. Zellner, W. B. Mitchell,* for plaintiff in error.

*W. D. Aultman, W. J. Wallace,* contra.

NICHOLS, J. ■ The plaintiff in error sought to recover by establishing ownership of and title in himself to the lands and timber cut and removed therefrom. He so alleged in his petition as amended, and in support thereof during the trial introduced in evidence an abstract of title, consisting of three deeds, the last of which, dated August 25, 1938, being from Mattie Grace Houston to the plaintiff in error, in the following language: "All that fifty (50) acres of land, more or less, lying and being in the second land district of Crawford County, Georgia, and known as the Bunk Grace Home Place, and bounded as follows: North by lands of Dandy Grace; east by R. H. Grace; west by lands of Mrs. Maggie White, and north by lands of John Hortman."

The plaintiff in error's grantor, and immediate predecessor in title, Mattie Grace Houston, acquired the property she sought to convey to the plaintiff in error from R. D. Grace, by a deed dated April 22, 1937, and in the following language: "All fifty (50) acres of land, more or less, being an undivided interest he has in and to the lands of Henry Grace, being one-third of the lands deeded to him by Dandy Grace as of February 25th, 1928, and recorded in Book Z, page 394, Clerk's office, Crawford County,

Georgia. Bounded as follows: North by other lands of Dandy Grace; east by other lands of R. D. Grace; west by Mrs. Maggie White; and south by Mr. John Hortman. It is the intention of this instrument to convey any interest the grantor has in and to the above described fifty acres of land to the grantee herein."

Mattie Grace Houston's grantor and immediate predecessor in title, R. D. Grace, acquired the property he sought to convey to Mattie Grace Houston, by a deed from Dandy Grace, dated February 25, 1928, and in the following language: "A one-half undivided interest in 340 acres of land same being land lot 48 in the Second Land District of Crawford County, Georgia, this being my one-half interest in the 340 acres of land deeded to R. D. Grace and Dandy Grace by our father, Henry Grace, on the first day of June, 1905, and recorded in Book U, page 499, Clerk's office, Crawford County Superior Court. The intention of this deed is merely to divide this 340 acres of land. Said tract of land is bounded on the north by Highway No. 22, and lands of Dandy Grace and Whitaker Road; east by lands of Mathews and Mrs. Ford; south by lands of J. D. Hortman and west by lands of T. A. Kendrick. The dividing line between grantor and grantee herein is a branch known as Hammoch Branch and a gully known as Cilla Gully, and Highway No. 22 and the Whitaker Road."

Upon examination it is obvious that none of the three written instruments above set out sufficiently describes the property sought to be conveyed therein with such a degree of certainty and definiteness as would meet the legal test required by law of all deeds purporting to operate as conveyance, or even as color of title to land. "The mere introduction in evidence of a chain of deeds in the last one of which the plaintiff is named as grantee, is insufficient to show title in the plaintiff." *Fitzpatrick* v. *Massee-Felton Lumber Co.*, 188 *Ga.* 80 (6) 81 (3 S. E. 2d 91); *Reiordan* v. *Turner*, 208 *Ga.* 193 (2), 194 (66 S. E. 2d 60).

The last two deeds in the plaintiff in error's chain of deeds, and upon which he predicates his claim of title, i. e., the deed from R. D. Grace to Mattie Grace Houston, and the deed from Mattie Grace Houston to James H. Grace, do not even contain a land lot number; neither of said deeds purports to convey a certain number of acres; the shape of the tract is not disclosed in either of said deeds; no distances are given of the boundaries on any

side thereof; neither is there anything to indicate whether the lines are straight or irregular.

In the deed from R. D. Grace to Mattie Grace Houston, the east boundary called for is the other lands of grantor, with nothing to indicate how far east the line of separation is to be; moreover that deed only purports to convey an undivided interest of the grantor and not the full interest and complete title.

In the deed from Mattie Grace Houston to James H. Grace, the land sought to be conveyed was described as being "known as the Bunk Grace Home Place," which upon first impression might be thought to be of such sufficiently descriptive language as would furnish a key to its identity, and could perhaps by competent parol evidence be established sufficiently to withstand any attack being made on its descriptive deficiency. However, upon reading the brief of evidence in the case, it becomes readily discernible that the descriptive phrase "known as the Bunk Grace Home Place" amounted to no clue, and afforded no key to its identity at all, because the record is replete with testimony that the Bunk Grace Home Place consisted of several hundred acres. Nat Cloud, a witness for the plaintiff in error, testified that the deed to his property described his place as the "Old Bunk Grace Place," and that several hundred acres around where he lived were known as the "Bunk Grace Place."

Therefore, according to the record, the Bunk Grace Home Place comprised several hundred acres, and a fifty-acre portion sought to be conveyed therefrom could not be sufficiently identified merely by referring to it as "known as the Bunk Grace Home Place." *Huntress* v. *Portwood*, 116 *Ga.* 351 (3) (42 S. E. 513); *Oglesby* v. *Volunteer State Life Ins. Co.*, 195 *Ga.* 65 (23 S. E. 2d 404); *Livingston* v. *Livingston*, 210 *Ga.* 607 (1) (82 S. E. 2d 1).

The plaintiff in error made no claim of title by actual adverse possession for twenty years or longer, nor did he predicate his right of recovery upon possession alone. There was some testimony with reference to a wire fence being at least partially around the lands involved, but again that testimony was too vague and indefinite to have any probative value in making out the plaintiff in error's case. The testimony on the whole in this case was in such conflict and so confusing as to render it utterly incompetent to supply any of the deficiencies in the purported

deeds; and certainly no competent evidence, oral or documentary, was adduced from which a dividing line between the adjacent property owners could be determined. *Strother* v. *Myers*, 89 *Ga. App.* 814 (81 S. E. 2d 534).

 The plaintiff in error assigns error on the denial of his motion for new trial, based on the general grounds only. Where, as in this case, the evidence presented on the trial did not demand a verdict for the plaintiff, the trial court does not err in denying his motion for new trial based only on the general grounds.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*