### 63439. WILLIAMS v. STRUBLE.

SHULMAN, Presiding Judge.
The parties to this case entered into a contract pursuant to which appellant was to build a house for appellee within a specified period and for a specified cost. After difficulties arose concerning the quality of the work and the disbursement of funds, appellee declared appellant to be in breach of the contract and refused to permit appellant to finish the construction. Appellee subsequently brought suit against appellant for breach of contract and for fraud. This appeal is from a judgment entered on a jury verdict awarding appellee damages and attorney fees.

1. One of the items of damages sought by appellee was the cost of defending a suit brought by one of appellant's suppliers to foreclose a materialman's lien. Appellant contends that evidence of

those costs should have been excluded because appellee had stipulated that the amount of the lien would not be sought as an item of damages if appellee prevailed in the foreclosure suit (and he did), and because there was no evidence that there was a causal connection between appellant's conduct and the filing of the lien.

First, the record reveals that appellee did not violate the pre-trial stipulation: he did not seek as damages the *amount* of the lien. The pre-trial order was silent concerning the cost of defending the foreclosure suit. Second, we note that appellant admitted at trial that he had not paid the materialman. Since the contract involved in this suit specifically obligated appellant to pay all materialmen, it cannot be said that the expense incurred by appellee in defending the foreclosure suit was not caused by appellant's breach of the contract. We find no error, therefore, in admitting evidence of the expense to which appellee was put in defending against the suit to foreclose the lien.

2. Appellee's first witness at trial was his wife. She testified about representations made by appellant to induce the execution of the contract. Contrary to appellant's assertion, her testimony did not attempt to vary the terms of the contract. Appellee never sought to vary the terms of the contract or to attack the validity of the contract; in fact, bringing suit on the contract amounted to an affirmance thereof. However, appellee also sought damages for fraud based on statements and conduct peripheral to but outside the scope of the contract. Under those circumstances, the evidence of negotiations between appellant and appellee's wife (as agent of appellee) was relevant to illustrate the course of dealing between the parties. The trial judge carefully and repeatedly limited the application of the evidence and emphasized that the parties were bound by the terms of the contract and could not vary them by parol evidence. So limited, the evidence was properly admitted. *Turner v. McKee,* 97 Ga. App. 531 (3) (103 SE2d 658).

3. In the breach of contract count of appellee's complaint, he sought $17,000 damages plus attorney fees. The jury awarded appellee $9,000 damages and $4,500 in expenses of litigation.

Relying heavily on *Sou. Bell Tel. &c. Co. v. Citizens &c. Realty Co.,* 141 Ga. App. 216 (233 SE2d 9), appellant argues that since the jury did not award appellee substantially all the damages he sought, an award of attorney fees is improper. However, *Southern Bell* was overruled by this court in *Ga.-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747 (2B) (266 SE2d 531). The evidence of bad faith in this case makes the holding in *Ga.-Carolina Brick* directly applicable: "[S]ince the evidence authorized a finding of bad faith on the part of the appellant, the jury was authorized to award attorney fees

pursuant to Code § 20-1404, even though it awarded less in damages than the plaintiff had claimed." Id., p. 752.

Since the grounds for the award of attorney fees in § 20-1404 are stated in the disjunctive (". . .if the defendant has acted in bad faith, or has been stubbornly litigious. . .") and we have already held that there was sufficient evidence of bad faith to justify an award of attorney fees, we need not consider whether appellant was also stubbornly litigious. There was no error in awarding attorney fees.

4. Appellant has contended on appeal that the evidence at trial was not sufficient to support the verdict. We disagree. Appellee presented evidence that appellant did not perform in a workmanlike manner, that appellant misapplied funds advanced to him, and that appellant failed to complete the work within the time specified. That evidence, though controverted by appellant, was sufficient to authorize the jury to find that appellant breached the contract with appellee. There was also sufficient evidence of damages to support the jury's award. There was no error in entering judgment on the jury's verdict.

5. Although we have determined that appellant's enumerations of error are uniformly without merit, we do not find them to be so specious as to warrant the conclusion that this appeal was taken for delay only. Therefore, appellee's motion for damages pursuant to Code Ann. § 6-1801 is denied.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED APRIL 27, 1982.

*Walter C. Alford,* for appellant.
*Robert E. Hall,* for appellee.