## 34763. KILLINGSWORTH et al. v. WILLIS et al.

PER CURIAM.

The plaintiffs-appellants brought this ejectment action against the defendants-appellees. In the complaint, the plaintiffs allege that they are the record owners of the eastern half of Land Lot 131 in the 15th Land District of Sumter County. The plaintiffs complain that the defendants, who are the plaintiffs' neighboring landowners, are wrongfully claiming ownership of approximately 12.6 acres of this tract. Approximately 10 acres of this tract consists of woods, and approximately 2.6 acres consists of cultivated cropland.

The defendants assert title to the disputed property under three theories: (1) acquisition of prescriptive title through 20-years' adverse possession (Code § 85-406), (2) establishment of a boundary line by parol agreement between the defendants and the plaintiffs' predecessor in title, and (3) acquiescence for seven years by the plaintiffs in the boundary line (Code § 85-1602).

The jury returned a verdict in favor of the defendants. Following the overruling of the plaintiffs' motion for judgment n.o.v. and motion for new trial, they appeal. *Held:*

1. As to the 2.6 acres of cropland, the evidence supports the verdict in favor of the defendants under the theory of prescriptive title through 20-years' adverse possession.

2. As to the 10 acres of woodland, the evidence does not support the verdict and judgment under any of the theories urged by the defendants. The trial court erred in overruling the plaintiffs' motion for directed verdict as to the 10 acres of woodland and also erred in denying the plaintiffs' motion for judgment notwithstanding the verdict as to the 10 acres of woodland.

The evidence of the defendants relative to oral agreement and acquiescence by plaintiffs' predecessor in title, Mrs. Dell, is too vague to establish any fact to support either of these two theories as to the wooded tract.

As to the defendant's theory of 20-years' adverse possession of the wooded tract, evidence of cutting peanut poles and hunting and walking in the tract is insufficient

to establish title by prescription. See *Robertson v. Abernathy,* 192 Ga. 694 (4) (16 SE2d 584) (1941); *Scott v. Cain,* 90 Ga. 34 (15 SE 816) (1892).

3. Other errors enumerated by appellant have been considered and found to be without merit, or, if meritorious, harmless in view of the holding in Division 2, supra.

The judgment is affirmed so far as it relates to the 2.6-acre tract of cultivated land. The judgment is reversed with direction to enter judgment for the plaintiff-appellant as to the 10-acre wooded tract.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*

ARGUED APRIL 10, 1979 — DECIDED NOVEMBER 6, 1979.

*Vansant & Engram, B. Sam Engram, Jr.,* for appellants.
*Myers, Parks & Fennessey, J. Frank Myers,* for appellees.

